EDWARD LINK, PETITIONER-APPELLANT, v. EASTERN AIRCRAFT, LINDEN DIVISION, GENERAL MOTORS CORP., RESPONDENT-RESPONDENT.

Submitted October 31, 1947—Decided January 29, 1948.

For the petitioner-appellant, *Rothbard, Harris & Oxfeld* (*Leslie S. Kohn,* of counsel).

For the respondent-respondent, *Reid, Kelly & Flaherty* (*Robert E. Kiernan,* of counsel).

The opinion of the court was delivered by

WACHENFELD, J.   This is a workmen's compensation case in which the appellant's version of the accident differs substantially from admissions made by him to the attending physician and nurse immediately after the accident. The question involved is whether the accident arose "out of" the employment, since it is clear that there was an accident which occurred "in the course of" employment.

The employee testified that on May 5th, 1944, five minutes before his shift started, he proceeded from the company cafeteria along the hallway which led from the cafeteria toward the place where he worked. Passing a Coca Cola dispensing machine (dispensed in loose liquid and not by bottle), he

decided to get a drink, took a nickel from his pocket, and as he was going to deposit it in the machine, about two or three feet away he slipped on the wet floor and fell forward. As he tried to regain his balance his wrist struck a glass panel on the machine upward of five feet from the floor and was cut. He immediately went to the company hospital, where the company doctor and nurse attended him, after which he was taken to an outside hospital and treated for five days.

The attending physician, produced by the respondent, and the nurse both testified that immediately after the accident the appellant declared he had put a nickel in the machine, and not getting his drink, shook the machine and the glass fell out and lacerated his hand.

The Bureau accepted the respondent's version of the occurrence of the accident but observed that under either version a case of compensability had been established and found for the appellant. The Common Pleas reversed and dismissed the petition, discrediting the appellant's evidence of the injury and holding the subsequent version shown by the respondent could not be the basis for an award because the contradictory statements of the appellant were not competent to be used as substantive proof and could only be used to affect the witness' credibility. The Supreme Court affirmed the dismissal of the Common Pleas and found that the accident did not arise "out of" or "in the course of" employment.

The appellant now argues that regardless of which version of the accident the court accepts, either is compensable and may be the basis for an award and that the divergent declarations made by the appellant to the company physician and nurse which were adduced in evidence by the respondent can be considered not only to impugn the testimony of the appellant but also as substantive proof of the true nature of the accident.

Prior contradictory declarations of any party to the litigation who becomes a witness are admissible by the opposing party to neutralize the testimony of the declarant but once admitted into evidence they may be used as substantive proof for either party. Such evidence is affirmative proof and is not. as in the case of non-party witnesses, solely to contradict,

neutralize or discredit. The rule as to a non-party witness is defined in *State* v. *D'Adame*, 84 *N..J. L.* 386; *Goglia* v. *Janssen Dairy Co.*, 116 *Id.* 396; *State* v. *Guida*, 118 *Id.* 289. The rule as to a party witness is set out in *Newhouse* v. *Phillips*, 110 *Id.* 421; *Ambrose* v. *Indemnity Insurance Co., &c.*, 124 *Id.* 438; *Schloss* v. *Trounstine*, 135 *Id.* 11; *Dobrowolski* v. *Glowacki*, 136 *Id.* 167.

A compensation award should not rest upon imagination, surmise or conjecture, but where, as here, there are two different versions as to how the accident occurred, with admitted resultant injuries, and either version makes it a compensable accident, an award should be granted. From all the testimony submitted in this case there are only two legally acceptable versions of what actually happened and either, under the rules of evidence as herein construed, requires a finding for the appellant.

The Supreme Court found that the evidence "indicated" the accident did not arise "out of" or "in the course of" the employment and this would be conclusive on error if there was any evidence to sustain it or if there was a conflict as to the factual situation. There is no such evidence and admittedly there is no conflict or dispute of facts.

Factual conclusions based upon competent proof will not be disturbed but where there is no competent evidence to support the finding of the Supreme Court this court will unhesitatingly reverse. *Ciocca* v. *National Sugar Refining Company of New Jersey*, 124 *N. J. L.* 329; *Everson* v. *Board of Education of Ewing Township*, 133 *Id.* 350.

The judgment of the Supreme Court is reversed, and the judgment of the Bureau is affirmed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, BODINE, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 12.