In re Inquiry into the Case of Karen Kay and Ralph Thomas Jenkins. Lawrence C. Krell, Appellee, v. Gwen Jenkins, Natural Mother of Karen Kay and Ralph Thomas Jenkins, Appellant, Impleaded with Ralph Jenkins et al., Appellees.

60 N. W. 2d 613

Filed October 30, 1953. No. 33369.

*Warren C. Schrempp* and *David S. Lathrop,* for appellant.

*Eugene F. Fitzgerald* and *Robert C. McGowan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action commenced and tried in the juvenile court, a division of the district court for Douglas County, Nebraska, for the purpose of determining whether or not Ralph Thomas Jenkins and Karen Kay Jenkins, of the ages of three and four at the time of trial, were dependent children within the meaning of section 43-201, R. R. S. 1943, and if they were found to be dependent to have a suitable order entered concerning their custody and control.

The court found that they were dependent. The order and judgment contains the following provision in disposition of the subject: "IT IS, THEREFORE, ORDERED that Karen Kay Jenkins and Thomas Ralph Jenkins are dependent children and that Mina S. Brewster, assistant probation officer of the Juvenile Division of the District Court of Douglas County, Nebraska, be and is hereby appointed guardian of Karen Kay Jenkins and Ralph Thomas Jenkins for the purposes of placement and adoption."

Gwen Jenkins, the mother of the two children, filed a motion for new trial which was overruled. From the order and judgment and the order overruling the motion for new trial the mother has appealed.

The brief contains three assignments of error. No. 1 and No. 2 challenge the sufficiency of the evidence to support the finding of the court and will be considered as a single assignment.

The third charges that the petition on which the hearing was had was legally insufficient as a basis for the

proceeding. The attack is not directed to the substance of the petition. It is directed to a statutory condition precedent to the filing of such a petition.

Section 43-205, R. R. S. 1943, provides that either the county attorney or any reputable person residing in the county with the consent of the county attorney may file a complaint charging dependency. The complaint was not filed by the county attorney.

This assignment has apparently been abandoned since after the filing of appellant's brief a stipulation was entered into permitting an amendment of the transcript to show that authority to file was granted by a deputy of the county attorney.

In any event the defect, if any, was waived by a stipulation entered into on the day of trial, appearing in the bill of exceptions, which was dictated by one of the attorneys for appellant, agreeing and consenting to trial de novo of the case.

The following from section 43-201, R. R. S. 1943, for the purposes of this case, contains the statutory definition of a dependent child: "* * * For the purpose of this act the words 'dependent child' and 'neglected child' shall mean any child under the age of eighteen years, who for any reason is destitute, homeless or abandoned, or dependent upon the public for support, or has not proper parental care or guardianship, * * *."

On the question of whether or not the evidence was sufficient to sustain the finding that these children were dependent within the meaning of law certain facts are conclusively established.

The father of the children is serving a sentence in a federal prison. At the completion of his sentence he will be required to serve an additional term in the Nebraska State Penitentiary. In May 1951, the mother took the children to a probation officer of the juvenile court. This officer placed the children in a home for the care of children. The care from then on was at public expense. The parents of the mother, highly re-

spected and respectable people, have a home in Omaha, Nebraska. They are both gainfully employed. The mother of the children has since lived with her parents. After the children were placed in the home the mother saw the children frequently. They were taken to the home of their grandparents where they were kept for periods of from a couple of days to an occasion of 2 weeks or more until March 1952, as to Karen Kay and April 1952, as to Ralph Thomas. During this period no money was paid for the support and maintenance of the children. There is evidence that the mother offered to pay something in November 1951, and the grandmother made an offer in December 1951. No amount was mentioned in either instance. The offers were declined. The grandmother testified that she supplied some clothing. The mother, under the evidence, was receiving $10 a week and board for keeping house for her parents. She also did some housework for neighbors. She was never otherwise employed and sought regular employment only on one occasion. After placement of the children in the home the mother was convicted on the charge of petit larceny and also on the charge of vagrancy. The grandparents did not offer to allow the mother to bring the children into their home to live until after this action was instituted. The reason given was that their accommodations were not sufficient due to the fact that another daughter and her children were in the home. The mother testified that she was taking training to become a dental assistant. Where she was taking the training is not disclosed.

In addition to the foregoing, which stands without dispute in the record, there are some other matters which appear to be of significance. The mother did not take the stand in her own behalf in this action. She testified in the case only after being called by the appellee. Her evidence was not complimentary to her. It in nowise countered the contention that these children were dependent and neglected.

A matter of further significance, we think, is that the grandmother was called as a witness and testified to a willingness that the mother should bring the children into the home of the grandparents, but the grandfather, the head of the household, was not called although he was in the courtroom.

And again there was no offer at all that the grandparents would accept any responsibility for the children in their home except that financial assistance would be furnished until the mother finished her training.

It is not to be inferred from this last statement that this court is of the opinion that the grandparents were under any obligation to make any such offer.

Its significance is that in case of a finding of dependency it became the duty of the court, within statutory restrictions, to do that which was for the best interests of the children.

The court could (1) place the children in an institution, (2) place them in the care of a reputable citizen, (3) place them in the care of some association, (4) place them in the custody of the Board of Control, (5) place them in the care of a probation officer and allow them to remain in their own home, or (6) place them in some other suitable home, subject to the supervision of the probation officer. §§ 43-208 and 43-210, R. R. S. 1943.

The evidence clearly indicates that these children were dependent within the meaning of the statute as charged in the complaint. The evidence does not indicate that dependency would be removed by granting the wishes of the mother in the light of the record. The record does not furnish any clear indication that the best interests of the children would be served by placing them in the care of a probation officer and allowing them to return to their mother.

We think that the court did not improperly place the children in the care and custody of Mina S. Brewster as a reputable citizen of good moral character within the meaning of section 43-208, R. R. S. 1943, with assent to

her to place the children in a family home within the meaning of section 43-209, R. R. S. 1943, as apparently was done.

A possible and probable consequence of this order and judgment, but not a necessary one, is that Mina S. Brewster will consent to adoption of these children and that their parents will thereby lose all custody and control over them. It is possible because section 43-104, R. R. S. 1943, which is a part of the act relating to adoption of minor children, permits a decree of adoption in cases where parents are deprived of their custody by an order of a juvenile court of competent jurisdiction by reason of such children having been declared dependent and neglected, on consent being given thereto by the person to whom care and custody is given.

This is not a necessary consequence since the statute relating to juvenile courts reposes continuing jurisdiction in the juvenile court after a finding of dependency. § 43-210, R. R. S. 1943.

The appellant appears to be laboring under the impression that the order herein in and of itself deprives her permanently of the custody and control of these children. This is not correct. As pointed out they are now under the continuing jurisdiction of the juvenile court.

The forum for the determination of whether or not permanent custody and control shall be taken from appellant is the county court and the proceeding one for adoption. § 43-102, R. R. S. 1943.

In such a proceeding the pronouncements of this court with reference to taking children from natural parents and the natural rights of parents with regard to children have application. They have no application in a proceeding such as this.

It is the duty of the county court in an adoption proceeding to inquire into the question of the best interests of the child sought to be adopted and to grant a decree only if adoption will be for the best interests of the child. § 43-109, R. R. S. 1943.

It is the conclusion that the juvenile court did not err in its finding that the minor children involved herein were dependent children within the meaning of law.

AFFIRMED.