IN RE APPLICATION OF HARRIET MILLER FOR A WRIT OF HABEAS CORPUS.
HARRIET MILLER, APPELLANT, V. DEPARTMENT OF PUBLIC WELFARE, STATE OF NEBRASKA, APPELLEE.
153 N. W. 2d 737

Filed October 27, 1967. No. 36551.

T. Clement Gaughan and Richard L. Goos, for appellant.

Clarence A. H. Meyer, Attorney General, E. D. Warnsholz, and Gary D. Gustafson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is a habeas corpus action brought by the relator, Harriet Miller, to recover custody of her three minor children.

The relator was arrested in Nebraska in November 1958. She was subsequently convicted and sentenced in California on a federal charge involving interception of mail. She was under detention for a period exceeding 4 years. The father of the children was arrested in California September 17, 1958, and after conviction served 42 months of a 5-year sentence. In November 1958, the three children were respectively 6, 4, and 2 years old. Relator had left the children in California with a Mr. Smith when she returned to Omaha in November 1958. The Los Angeles bureau of public assistance had

obtained the three children from Mr. Smith in November 1958, and cared for them during the pendency of the charges against the mother. Early in 1959, on request of the Los Angeles bureau of public assistance, the Lancaster County relief bureau authorized the return of the children to Nebraska after a determination of residence. In March 1959, the children were returned to Nebraska, and after hearing at which they were represented by a guardian ad litem were placed under the juvenile probation office. On April 21, 1961, the separate juvenile court of Lancaster County, Nebraska, after hearing, entered its order placing the custody of the children in the Board of Control, State Welfare Department. An additional hearing was held in the separate juvenile court of Lancaster County, Nebraska, on the 13th day of March 1962. Notice and summons for that hearing were personally served on both the relator and the father in California. The same attorney who had represented them at the 1961 hearing was appointed guardian ad litem and counsel for the relator and the father, and appeared at the 1962 hearing on their behalf. Another attorney was also present at the hearing as guardian ad litem of the children. The separate juvenile court found the children to be dependent and neglected children lacking proper parental care by reason of the fault of their parents; found that the parents have shown themselves unfit to perform the duties of the relationship of parent and child; and determined it to be in the best interests of the children that their care and custody be continued with the Department of Public Welfare. The court incorporated its findings into the order under which the care and custody of the children was committed to and continued in the Department of Public Welfare, State of Nebraska. No appeal was taken from the order of the separate juvenile court.

The three children were individually placed in adoptive home situations under written indenture instruments at various dates between September 25, 1961, and

December 17, 1962. One of the children has since been adopted. A decree of adoption was entered in county court as to another, but after appeal was taken to the district court, the original adoption proceeding was dismissed. No adoption proceeding was instituted with regard to the third child. The foster parents of all of the children have, since the indenture agreements, provided a home and all necessaries of life for the children.

In this habeas corpus proceeding, the district court for Lancaster County, after trial, found generally for the respondent and against the relator, dismissed the application, and denied the writ. The relator has appealed.

The relator alleges that she, her husband, and all the children were residents of and domiciled in California in November 1958; that the children were unlawfully returned to the State of Nebraska; and that the proceedings in the separate juvenile court of Lancaster County in 1962 were illegal and without due process, and that the court did not have jurisdiction to take the custody of the children from her.

The jurisdiction of a state to regulate the custody of an infant found within its territory does not depend upon the domicile of the parents nor upon the domicile of the child. It arises out of the power that every sovereignty possesses as parens patriae to every child within its borders, and residence of the child within the state suffices even though the domicile may be in another jurisdiction. Jones v. State, 175 Neb. 711, 123 N. W. 2d 633.

There is conflicting evidence as to the residence or domicile of the parents. Even if the residency of the parents were conceded to be California, however, summons was personally served on each of them, and they appeared generally by their counsel at the hearing in the separate juvenile court. Under such circumstances, the separate juvenile court had complete jurisdiction, and its decree is effective and binding on the parents.

The foregoing is sufficient in itself to support the

judgment of the district court in denying the writ of habeas corpus. The separate juvenile court of Lancaster County has exclusive jurisdiction as to the custody of neglected, dependent, or delinquent children under section 43-230, R. S. Supp., 1965.

Under the provisions of section 43-209, R. S. Supp., 1965, the jurisdiction of the separate juvenile court is continuing over any child adjudged a neglected or delinquent child, and the court has power to order a change in the custody or care of such child if at any time it is made to appear to the court that it would be for the best interests of the child to make such change.

When a dependent child has been disposed of by placement the person, association, institution, or probation officer with whom placed may with assent of the juvenile court consent to adoption in an adoption proceeding. Krell v. Jenkins, 157 Neb. 554, 60 N. W. 2d 613; § 43-209, R. S. Supp., 1965.

It is the general rule that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, unless the prior jurisdiction has been terminated. A writ of habeas corpus can be granted only by a court having jurisdiction, and the exercise of power to grant the writ cannot be used to unsettle valid legal proceedings, or to interfere with the exercise of jurisdiction of other courts. McFarland v. State, 172 Neb. 251, 109 N. W. 2d 397; Rhodes v. Sigler, 172 Neb. 439, 109 N. W. 2d 731.

The judgment of the district court in denying the application for a writ of habeas corpus was correct and is affirmed.

. AFFIRMED.