In re Interest of Patrick Mark Miller.
State of Nebraska, appellee, v. Patrick Mark Miller,
appellant.
203 N. W. 2d 97

Filed December 15, 1972. No. 38318.

N. Michael Fitzgerald of Matthews, Kelley, Cannon & Carpenter, for appellant.

Donald L. Knowles and Colleen R. Buckley, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Boslaugh, J.

Patrick Mark Miller, the defendant, was charged in juvenile court with stabbing with intent to kill, wound, or maim. On July 8, 1971, the court found the charge was true and the defendant was a delinquent child. On July 30, 1971, the court ordered the defendant committed to the care of the Department of Public Institutions. The defendant appeals contending the judgment is contrary to the evidence; the petition was improperly filed; and the court erred in considering the defendant's prior record.

The evidence shows that George William Zaracki was stabbed outside the Sokol Bowling Alley in Omaha, Nebraska, on March 2, 1971. The defendant was identi-

fied by Zaracki and several eyewitnesses as the person who stabbed Zaracki. Although there was evidence to the contrary, the evidence clearly sustains the adjudication beyond a reasonable doubt. See Grant v. Doeschot, *ante* p. 121, 201 N. W. 2d 252.

The defendant was first brought before the juvenile court in October 1969. The petition filed at that time contained four counts. The juvenile court found the defendant was a child in need of special supervision and placed him on probation for 6 months.

The present charge was contained in a supplemental petition filed on March 4, 1971, which was placed in the folder containing the petition and other papers relating to the proceedings in 1969. The defendant contends this was prejudicial to him because it served to remind the court of his previous record.

The statute does not prescribe a particular method for filing petitions in juvenile court. Section 43-206.04, R. S. Supp., 1969, provided in part: "Juvenile court legal records shall be deposited in files and shall include the petition, summons, notice, certificates or receipts of mailing, minutes of the court, findings, orders, decrees, judgments and motions." Section 43-205, R. R. S. 1943, prescribes the title to be used for the original petition and all subsequent proceedings. Section 43-209, R. R. S. 1943, refers to supplemental petitions. After a child has been adjudged to be a neglected or delinquent child the jurisdiction of the juvenile court is continuing. Miller v. Department of Public Welfare, 182 Neb. 155, 153 N. W. 2d 737. It would seem to be a reasonable and logical procedure to keep all records pertaining to a particular child in one folder.

The defendant's claim of prejudice lacks substance. The prior hearing was before the same judge but this affords the defendant no basis for complaint. It is presumed the trial court disregarded all irrelevant matters in making the adjudication. Krell v. Sanders, 168 Neb. 458, 96 N. W. 2d 218. The fact that the second petition

was denominated a supplemental petition and placed in the folder containing the original petition gives him no basis for relief.

It was proper for the juvenile court to consider the previous record of the defendant at the disposition hearing on July 30, 1971. For this purpose it was unnecessary to make a formal offer of the record of the 1969 proceeding and receive it in evidence. Where proceedings are interwoven and interdependent the trial court may take judicial notice of its own proceedings and records. Hubbard v. Loewenstein, 181 Neb. 96, 147 N. W. 2d 164.

There being no error in the record, the judgment of the juvenile court is affirmed.

AFFIRMED.