343 A.2d 55 (1975)
In the Matter of W. N. W., Appellant.
No. 7969.
District of Columbia Court of Appeals.
Argued November 19, 1974.
Decided August 7, 1975.
*56 Thomas A. Guidoboni, Washington, D. C., appointed by this court, for appellant. Linda Huber, Washington, D. C., also was appointed by the court and entered an appearance for appellant.
David P. Sutton, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.
Before KERN, GALLAGHER and HARRIS, Associate Judges.
HARRIS, Associate Judge:
Appellant, a 17-year-old juvenile, was found guilty of assaulting a 12-year-old boy. D.C.Code 1973, § 22-504. Appellant contends that the judge who presided over the factfinding hearing should not have done so, since that judge had presided over a detention hearing in a separate case involving appellant three weeks earlier. Appellant argues that he thus was denied both a statutory right under D.C.Code 1973, § 16-2312(j), and a due process right under the Fifth Amendment. We affirm.

*57 I
The incident giving rise to the assault charge occurred on September 29, 1973. Appellant was taken into custody a week later, and an initial hearing was held before a judge other than the one whose rulings now are on appeal. Appellant pleaded not guilty, and a fact finding hearing was scheduled for November 6. Although appellant then was in aftercare status pursuant to a prior commitment to the Social Rehabilitation Administration (SRA), the court ordered appellant's conditional release pending the factfinding hearing.
On October 17, approximately three weeks prior to the scheduled factfinding hearing in the assault case, appellant was charged in another case with assault with a dangerous weapon (ADW) and sodomy. A detention and probable cause hearing was held in the new case pursuant to D.C. Code 1973, § 16-2312. A representative of SRA then informed the court that appellant previously had been found guilty of rectal sodomy and had been committed to the custody of SRA. The representative further advised the court of the pending assault case. A Sex Branch detective and the complaining witness gave testimony as to the ADW and sodomy charges, and the court found probable cause to believe that appellant had committed those offenses. The judge was told that appellant had a "history of sexual attacks" and was receiving weekly treatments from Forensic Psychiatry. The judge ordered that appellant should be detained at Cedar Knoll pending a factfinding hearing on the new charges.[1]
On November 6, the factfinding hearing on the assault charge was held. Presiding was the same judge who had conducted the detention hearing on the ADW and sodomy charges. Appellant's counsel objected to the judge's participation on the ground that he had heard prejudicial social information, including appellant's prior history of both adjudicated and alleged sexual assaults, at the prior detention hearing. Appellant argued that the judge was statutorily precluded from conducting the factfinding hearing. The judge denied the objection and proceeded to receive evidence.
The victim of the assault testified that as he was playing in an alley, a boy approached him and asked his help in stealing a bicycle. He refused to do so, whereupon the unknown boy struck him on the face, ordered him to take down his pants, and struck him again. At that point a woman "hollered", and the assailant fled. The police were notified promptly of the incident by an unidentified observer. An officer, acting on the complainant's description, stopped a boy wearing clothes similar to those of the assailant. The complainant incorrectly identified that person as his attacker. The suspect denied being the offender, but implicated appellant. One week later, the police again were summoned when the victim, who had never seen his attacker before the assault, saw appellant again and recognized him. The police arrested appellant.
Further testimony incriminated appellant. Officer Robert Sumlin, of the Youth Services Division, testified that appellant had made a statement to him which basically confirmed the complainant's story and admitted the assault.
Appellant presented no testimony. The court found him guilty, specifically noting his confession.

II
Appellant contends that the judge who conducted the factfinding hearing was required both by statute and by the Constitution to recuse himself, since he previously had heard prejudicial information about appellant while presiding over the detention hearing on the ADW and sodomy *58 charges. The statutory argument is based on D.C.Code 1973, § 16-2312(j), which provides:
Upon objection of the child or his parent, guardian or custodian, a judge who conducted a detention or shelter care hearing shall not conduct a factfinding hearing on the petition.
Acknowledging that this facially applies to one judge's conducting both the detention and factfinding hearings on the same delinquency petition, appellant asks us to construe the statute to apply as well to the instant situation. He argues that the judge heard precisely the kind of information, prior to the factfinding hearing, that the statute was meant to preclude a factfinding judge from knowing.
We disagree. The logical intent of the statute is apparent. At a detention hearing in a particular case, the testimony which is adduced typically is hearsay in nature. At the factfinding hearing, the normal rules of evidence apply. The statute operates to ensure that the judge who must make the ultimate finding of guilty or not guilty is not predisposed towards guilt by having been exposed to testimony which may not be offered or may be inadmissible in the factfinding hearing. No such infirmity exists here; the trial judge had no prior exposure to appellant's alleged role in the assault case.
We note also that the statute mandates disqualification of a judge with prior exposure to the facts of a particular case only "[u]pon objection". If knowledge of prejudicial information about a juvenile were deemed undesirable enough to mandate automatic recusation, the statute would not make disqualification dependent upon the making of an objection. Appellant's urgings, if logically pursued, would preclude any judge from presiding at a factfinding hearing for a juvenile to whom the judge had any previous exposure. Common sense and the finite number of Superior Court judges  as well as a recognition of the regrettably high rate of recidivism among juvenile offenders  lead us to conclude that this is not the intended reach of § 16-2312(j). We conclude that the statute applies only to hearings on the same petition before the same judge.
Appellant further contends that he was denied his constitutional right to a trial before an impartial tribunal. See, e. g., In re Murchison, 349 U.S. 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955). His argument essentially is that the judge's consideration of social information about appellant, including allegations of unrelated criminal conduct and a statement that appellant had "a history of sexual attacks", a mere three weeks before sitting as the factfinder on the assault charge, created an impermissible appearance of partiality and probability of unfairness. Considering all of the circumstances, we are of the opinion that the better course would have been for the judge to recuse himself from the factfinding hearing. Nonetheless, we do not believe that his decision not to do so calls for reversal.
The fact that the trial judge successively presided over two proceedings involving appellant provides an insufficient basis for finding of reversible error. See Carter v. Director, Patuxent Institution, 10 Md.App. 247, 269 A.2d 172, 174-75 (1970). Also, the fact that the judge had received prejudicial information in the prior proceeding did not bar his conducting the subsequent factfinding proceeding.[2] We must recognize the presumption that a trial court will disregard all irrelevant matters in making its adjudications. See State v. Miller, 189 Neb. 383, 203 N.W.2d 97, 98 *59 (Neb.1972). That presumption has not been overcome. The argument of appellant's able counsel that the judge's acquaintance with appellant's background created a likelihood of prejudgment "chooses to ignore . . . every aspect of fairness, of concern, of sympathy, and of paternal attention that the juvenile court system contemplates." McKeiver v. Pennsylvania, 403 U.S. 528, 550, 91 S.Ct. 1976, 1989, 29 L.Ed.2d 647 (1971).
Finally, the record reveals no untoward conduct by the judge during the course of the factfinding hearing, and appellant points to no specific instance of even arguably prejudicial action. No real issue of credibility existed in this case; there was no defense testimony and appellant's confession was received in evidence without objection.[3] While recusation would have been preferable, neither relevant authority nor the manner of the judge's actual conduct of the proceeding requires reversal.
Affirmed.
NOTES
[1] The factfinding hearing in the ADW and sodomy case was scheduled for November 29; appellant was found not guilty of those charges.
[2] We restrict our holding in this case to the juvenile process in recognition of its special role in the judicial scheme. See McKeiver v. Pennsylvania, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). We do not consider similar circumstances in adult nonjury criminal adjudications. See Commonwealth v. Goodman, 454 Pa. 358, 311 A.2d 652 (Pa. 1973).
[3] The court, in stating the basis for its finding appellant guilty, went into the evidence in some detail. In its statement, the court relied solely on the evidence adduced at the factfinding hearing.