**In the Matter of M. D. J., Appellant.**

**No. 8437.**

District of Columbia Court of Appeals.

Argued Sept. 11, 1975.

Decided Oct. 24, 1975.

Lowell Fine, Washington, D. C., appointed by this court, for appellant.

S. Perry Jones, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant, a juvenile, was petitioned on a charge of attempted second degree burglary[1] and at the conclusion of a factfinding hearing was adjudicated a delinquent. On appeal he urges that the trial judge erred by denying a motion to suppress certain post-arrest statements made to the police; by refusing to recuse himself from presiding over the factfinding hearing; and by denying a motion for judgment of acquittal based on the insufficiency of the charging petition. We affirm.

On January 4, 1974, at 9:40 a. m., appellant was arrested by police officers responding to a call reporting that a person was breaking into premises located at 123 48th Place, N.E. He was read his Miranda[2] rights by Officer Sherman W. Linton at the scene of his arrest. Shortly thereafter he was taken to the Sixth District station where, at about 10:00 a. m., he was again advised of his rights by Detective Richard F. Ragsdale. Both officers testified at the suppression hearing that after each warning appellant had indicated that he understood his rights.

Appellant initially sought to explain his presence at the scene by saying he had been looking for a friend. After approximately ten minutes of interrogation, however, he made certain inculpatory statements. Detective Ragsdale's uncontroverted testimony was that: "I asked was he going to break in and he said 'Yes.' I said 'Why?'. He said it was because he quit school and needed money." Appellant was then taken to the Youth Division office where, at 11:06 a. m. and in the presence of an older brother in whose custody he was to be released, he was informed of his rights a third time. It was at that interview that appellant signed a P.D. 47 "rights card" indicating that he did not want to answer any questions and that he wished to have an attorney present during questioning.

---

1. D.C.Code 1973, §§ 22–103, 22–1801(b).

2. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Appellant urges that his confession was not preceded by an effective waiver of his *Miranda* rights to remain silent or to have counsel present during questioning. He asserts, *inter alia*, that he was induced to confess by promises concerning the disposition of other unsolved burglaries. But while Detective Ragsdale testified he informed appellant that under established police procedures he probably would not be prosecuted for other offenses he had committed which he would disclose to the police, there was no evidence that Ragsdale promised any immunity concerning the specific offense for which appellant was arrested nor that appellant ever helped solve any additional open offense.

■ We recognize that our review of a purported waiver of constitutional rights is limited to a determination of whether the trial court's decision has substantial support in the evidence.[3] And we note that among the factors which properly could have been considered by the trial judge in this case was appellant's previous experience with the legal system.[4] Testifying at the hearing on the motion to suppress his confession, appellant admitted that he had five prior arrests and that on the occasion of each arrest he had been informed of his rights. And while appellant testified that he had never completely understood his full rights, he indicated on cross-examination that he did understand each individual right.

■ Thus framed, the issue of whether appellant knowingly and intelligently waived his constitutional rights essentially turns on an evaluation of his credibility and we see no indication that the trial judge erred in rejecting appellant's assertion that he did not understand his rights.

■ Similarly, the issue of improper inducement depends on an assessment of appellant's credibility. His testimony was that while no promise of immunity was made concerning the specific offense to which he confessed, Detective Ragsdale had said that: "If I told him where the things were hidden he would help me get out of all this trouble." As noted *supra*, however, Ragsdale testified that the offer of immunity was not made with respect to the instant case and again, we discern no error in the trial judge's choice of whom to believe.

■ We are mindful that great care must be taken to insure that a juvenile's uncounseled statement is voluntary.[5] We nevertheless conclude that this record supports the trial court's finding that appellant's confession was a voluntary product of a knowing and intelligent waiver of his Fifth [self-incrimination] and Sixth [right to counsel] Amendment rights.[6]

■ With respect to appellant's contention that he should have been allowed to fill out a waiver form before his interrogation, it would appear that if such forms are to be utilized it would be the better practice to have them completed before questioning a suspect. A waiver need not be in writing, however, in order for it to be valid.[7]

Appellant's second assignment of error is that the trial court refused to recuse itself from the factfinding hearing which immediately followed the hearing on his motion to suppress. Appellant did not testify at the factfinding hearing and asserts that the court could not disregard evidence of his prior arrests and of his demeanor on the witness stand gained as a result of tes-

3. *United States v. McNeil,* 140 U.S.App.D.C. 3, 6–7, 433 F.2d 1109, 1112–13 (1969).

4. *Rosser v. United Sates,* D.C.App., 313 A.2d 876, 878 (1974).

5. *In re Gault,* 387 U.S. 1, 55, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

6. *See Miranda v. Arizona, supra; Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

7. *United States v. Hayes,* 385 F.2d 375, 377 (4th Cir. 1967), *cert. denied,* 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968).

timony at the suppression hearing. His contention is that his Fifth Amendment right against self-incrimination was violated because this evidence was "in effect" before the court in the factfinding hearing even though he chose not to testify. Additionally, he argues that his Fifth Amendment right to due process was violated in that he was deprived of any benefit he might have gained by exercising his option not to testify at the factfinding hearing.

This court has recently examined and rejected similar contentions raised in an analogous factual situation [8] where a trial judge failed to recuse himself from a factfinding hearing after presiding over a prior detention hearing on an unrelated charge against the same respondent. While the instant case is distinguished by the fact that the suppression hearing and the factfinding hearing referred to the same charge the central issue is whether the trial judge could disregard inadmissible evidence of a prior proceeding in deciding the factfinding hearing on the merits.[9]

■ The presumption that a trial judge will disregard all irrelevant matters in making his or her adjudication [10] has not been overcome on this appeal and additionally, this record is devoid of any specific instance of prejudice on the part of the trial judge.[11] Further, we note that a trial judge who has presided over a juvenile's detention hearing, must, upon request, recuse himself from the factfinding hearing on the same charge under D.C. Code 1973, § 16–2312(j). Congress could have extended this policy to judges presiding over pretrial motions to suppress had it so intended.

■ *Affirmed.*[12]

8. *In re W. N. W.*, D.C.App., 343 A.2d 55 (1975).

9. *Id.* at 58.

10. *Id.*

11. *Id.*

12. Appellant's claim that the petition charging him with attempted burglary was defective for failing to allege ownership of the premises in question is without merit. The petition satisfied the due process requirement of adequate notice applicable to juvenile proceedings. *In re Gault, supra* note 5.