Charles JEFFERSON, Appellant,

v.

UNITED STATES, Appellee.

Nos. 82-807, 83-642.

District of Columbia Court of Appeals.

Argued Feb. 16, 1984.

Decided March 28, 1984.

**148**

Marie A. Fitzgerald, appointed by this court, Washington, D.C., for appellant.

Natalia M. Combs, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell, Thomas J. Tourish, Jr., and Susan R. Holmes, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER and FERREN, Associate Judges, and REILLY, Chief Judge, Retired.

NEBEKER, Associate Judge:

Appellant was convicted by a jury of robbery, D.C.Code § 22–2901 (1981), and was sentenced to a term of three to nine years. After filing his direct appeal, he sought collateral attack under D.C.Code § 23–110 (1981). Before us now is a consolidated appeal encompassing appellant's assignment of errors in his direct appeal: a prejudicial remark by the trial court; a failure to instruct the jury, *sua sponte*, on the limited use of a prior inconsistent statement; a misstatement of the law by the government during its closing argument, and in his collateral attack: ineffective assistance of counsel. We perceive no reversible error and, accordingly, affirm.

**I**

Shortly after dark on August 20, 1981, an undercover police operation was underway in the 700 block of 11th Street, N.W. One decoy officer, posing as an elderly citizen, was leaning in a doorway; in a rear pocket he had a wallet containing two one dollar bills. Several other police were stationed variously in the immediate vicinity, monitoring the decoy. Shortly after the decoy positioned himself in the doorway he was approached by a man, later identified as the appellant, and a woman. After a momentary discussion between the appellant and his companion, unanimous police testimony has the appellant reaching into the decoy's rear pocket and lifting out the wallet. Appellant then proceeded northbound, was approached by members of an arrest team and was apprehended. After receiving and waiving his *Miranda* rights, *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), appellant admitted committing the robbery.

Appellant offered a good Samaritan defense at trial: he saw the wallet lying near the man in the doorway, called the man's attention to it and searched the wallet for identification after the man was unresponsive. He denied both picking the wallet out of the decoy's pocket and making the confession.

## II

■ Appellant, in his briefs and at oral argument, emphasized the first assignment of error. During its reading of the indictment to the jury at the commencement of trial, the trial court stated:

> The second element is that Mr. Jefferson took possession of such property by force or violence or against resistance or by sudden or stealthy seizure or snatching or by putting the complainant in fear.
> *Now ladies and gentlemen, as the evidence develops, we will find out which way he did it.* (Emphasis added.)

No objection was raised. Also, the court included in its preliminary instructions, those relating to the presumption of innocence,[1] the province of the jury as the sole factfinder,[2] and the lack of evidentiary value of comments made by counsel or the court.[3] Moreover, in its final charge to the jury, the court reminded the jury of its function as factfinder,[4] the lack of evidentiary value of comments by the court[5] and the presumption of innocence.[6]

Reviewing for plain error, *Watts v. United States*, 362 A.2d 706, 709 (D.C.1976) (en banc), we find none. Although the trial court misspoke, in the context of the panoply of curative instructions, *Watts v. United States, supra*, the one sentence highlighted by appellant does not violate the court's neutrality, *Byrd v. United States*, 377 A.2d 400, 404 (D.C.1977), so as to jeopardize the very fairness and integrity of the trial court. *Watts, supra*, 362 A.2d at 709; *Howard v. United States*, 128 U.S. App.D.C. 336, 340, 389 F.2d 287, 291 (1967), *reh'g denied* (1968) (subsequent curative instructions avoid potential plain error).

## III

■ Appellant also argues plain error in the court's failure, *sua sponte*, to charge the jury with the prior inconsistent statement instruction. As best we can understand, the appellant contends that the government tried to impeach the appellant with a variance between his confession and a letter appellant wrote to the Superior Court received on September 12, 1981.[7]

The confession was admissible in the government's case-in-chief, to be used as substantive evidence. *See Commonwealth v. Christina*, 481 Pa. 44, 391 A.2d 1307 (1978), *cert. denied*, 440 U.S. 925, 99 S.Ct. 1255, 59 L.Ed.2d 479 (1979); *Wilson v. State*, 20 Md.App. 318, 315 A.2d 788 (1974); *Link v. Eastern Aircraft*, 136 N.J.L. 540, 57 A.2d 8 (1948). The statement in the September 12 letter was consistent with appellant's testimony at trial, and we fail to see a reason in law or from the record in this case why the government would try to impeach its own evidence—the confession. It would not and could not do so. We are unable to perceive error for we do not see that that cross-examination had any effect in the trial. Moreover, we are unable to see how that cross-examination impeached appellant's trial testimony. Accordingly, there was nothing for a curative instruction to remedy.

## IV

Appellant also urges error, claiming that the prosecutor misstated the law during

---

1. Criminal Jury Instructions for the District of Columbia, No. 1.02 (3d ed. 1978).

2. *Id.*

3. *Id.*

4. *Id.* at 2.02.

5. Transcript, April 16, 1982, pp. 232–33.

6. Criminal Jury Instructions for the District of Columbia, *supra*, at 2.08.

7. Transcript, *supra* at 201.

her closing argument. She stated that the immediate actual possession requirement could be satisfied even if the wallet was not in the decoy's pocket but on the ground, in that the possession requirement could be satisfied if the item was "taken from an area over which you [the decoy] [would] have control." Appellant argues that since the decoy police officer testified that the wallet was in his pocket, if the wallet was in fact on the ground, then the decoy did not know where it was—he had lost it—and thereby he no longer had dominion and control so as to possess it. As a corollary argument, appellant also argues no sudden or stealthy seizure or snatching could be made out if the decoy had lost the wallet.

■■■ First, there was no misstatement of the law. A robbery can be argued even where a man and his trousers are separated, and the latter is cleaned out while the former is otherwise occupied—his mind far away from thoughts of his pants. *Spencer v. United States,* 73 U.S.App.D.C. 98, 116 F.2d 801 (1940). What appellant is really arguing is that according to the decoy policeman's testimony, a plausible inference could be drawn that the wallet was lost.[8] There is sufficient evidence, which we now view in the light most favorable to the government, for the matter to be submitted to and decided by the jury. *United States v. Harris,* 140 U.S.App.D.C. 270, 284, 435 F.2d 74, 88 (1970), *cert. denied,* 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 152 (1971); *Curley v. United States,* 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, *cert. denied,* 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). An analogous analysis applies to the corollary argument regarding stealth or snatching. In sum, we see no error in this regard.

## V

Appellant's final contention is that he was denied his right to effective trial counsel. *Angarano v. United States,* 312 A.2d 295 (D.C.1973), *reh'g en banc denied,* 329 A.2d 453 (D.C.1974). He argues ineffectiveness given the cumulative effect of the following, asserted failures: (1) failure to file a pretrial suppression motion; (2) failure to move for a mistrial following the court's remarks in the course of its reading of the indictment; (3) failure to require certain jury instructions; and (4) failure to object to the asserted misstatement of law in the government's closing argument.

■■■ As to the suppression issue, appellant argues ineffectiveness in the failure to move, pretrial, to suppress the inculpatory statement he made involuntarily at arrest. With the burden of proof, by a preponderance, on the government at the suppression hearing, *Wilkerson v. United States,* 432 A.2d 730, 735 (D.C.), *cert. denied,* 454 U.S. 1090, 102 S.Ct. 654, 70 L.Ed.2d 628 (1981), the Sixth Amendment nonetheless does not require defense counsel to "make every motion in the book." *Harried v. United States,* 128 U.S.App. D.C. 330, 335, 389 F.2d 281, 286 (1967). There are sufficient indicia of voluntariness, *Hawkins v. United States,* 304 A.2d 279 (D.C.1973), in the record before us: (1) prior contact with the criminal justice system—the appellant had three prior criminal convictions; (2) the place and timing of the police questioning—the statement was made at the station house after the *Miranda* rights were read and during routine booking; (3) no coercion or trickery in obtaining the statement—in direct conflict with the appellant's claim that a promise[9] was made, the policy deny that any promise was made. *In re M.D.J.,* 346 A.2d 733, 735 (D.C.1975) ("the judge's choice of whom to believe"). Our review uncovers evidence

---

8. Appellant's reply brief, at pages 5–6, couches its argument in terms of the "jury['s] belief" and "plausible interpretation[s]."

9. Assuming the promise was made to "help [the appellant] with the DA," it would not have ren-

dered involuntary the resulting statement. *In re M.D.J.,* 346 A.2d 733, 735 (D.C.1975) (*a fortiori:* help promised an "uncounselled juvenile" compared to the help alleged here).

sufficient to support a decision by trial counsel to forego a pretrial suppression motion. *Id.* at 735 n. 3 (citing *United States v. McNeil,* 140 U.S.App.D.C. 3, 6–7, 433 F.2d 1109, 1112–13 (1969)).

■ As to the failure to object to or to move for a mistrial at the reading of the indictment, because we found that error to be harmless, *supra* at III, it cannot be said that the asserted failure by trial counsel excluded a substantial defense. *Brown v. United States,* 384 A.2d 647, 651 (D.C. 1978).

■ As to the jury instructions, appellant asserts three separate instances of failure: (1) no lesser included offense instruction regarding larceny; (2) no instruction regarding the voluntariness of appellant's statement at arrest; and (3) no instruction regarding the limited use of the asserted prior inconsistent statement. A lesser included instruction was inapplicable in light of appellant's "completely exculpatory" testimony. *United States v. Sinclair,* 144 U.S.App.D.C. 13, 15, 444 F.2d 888, 890, *reh'g denied* (1971); *accord, Jones v. United States,* 374 A.2d 854, 856 (D.C.1977). An instruction on the voluntariness of the statement would have directly contradicted appellant's contention that he never made such a statement; just as counsel is not required by the Sixth Amendment "to make every motion in the book," particularly if the motion has little or no chance of success, *Harried v. United States, supra,* so too counsel is not required to ask for every conceivable instruction, particularly if the instruction is not tactically consistent with the defense's theory of the case. *See Williams v. United States,* 374 A.2d 885, 889–90 (D.C.1977) (tactical decision made based on defendant's theory of the case). An instruction regarding only limited use of the prior inconsistent statement would have been inapplicable for the reasons explicated above. Therefore, no ineffectiveness of counsel could lie.

Appellant's final contention is that trial counsel demonstrated ineffectiveness by his failure to object to an erroneous state-ment of the law in the prosecutor's closing argument. Again, our previous treatment of this issue disposes of the contention in the Sixth Amendment context.

Finding no merit in any of the assignments of error, we affirm.

*Affirmed.*