JANET K., PATERNAL GRANDMOTHER AND NEXT FRIEND OF
RYAN B., A MINOR CHILD, APPELLANT, V. KEVIN B., NATURAL
FATHER, AND DEBRA F., NATURAL MOTHER, APPELLEES.
556 N.W.2d 270

Filed November 19, 1996.   No. A-96-174.

Avis R. Andrews for appellant.

Josephine Walsh Wandel and Kimberly Taylor Riley, of Wandel Law Offices, P.C., for appellees.

MILLER-LERMAN, Chief Judge, and HANNON and MUES, Judges.

Hannon, Judge.

## PROCEDURAL BACKGROUND

The instant case concerns a custody dispute between Janet K., paternal grandmother of Ryan B., a minor child, and Kevin B. and Debra F., Ryan's natural parents. On December 22, 1995, Janet filed a petition for writ of habeas corpus, in Saunders County District Court, as paternal grandmother and next friend of Ryan, seeking custody from Debra. The petition listed both Kevin and Debra as respondents. That same day, the Saunders County District Court issued an order in lieu of writ of habeas corpus, ordering the Saunders County sheriff to locate and deliver Ryan to Janet. Kevin and Debra subsequently filed a motion to quash the habeas corpus proceeding and the order in lieu of a writ of habeas corpus and to request attorney fees and costs. On January 10, 1996, the Saunders County District Court, having found no basis for jurisdiction, vacated the earlier order in lieu of writ and dismissed Janet's habeas corpus action. Janet now appeals the dismissal, and we affirm.

## FACTUAL BACKGROUND

We observe from the record that no evidence was ever presented to the district court in Janet's habeas corpus action. The record includes a 19-page bill of exceptions from a January 8, 1996, hearing on Kevin and Debra's motion to quash. However, the bill of exceptions consists only of conversations between counsel and the judge, and there are no stipulations. The record also contains, without explanation, a bill of exceptions from a December 19, 1995, guardianship hearing in Saunders County Court. The resulting county court journal entry, dated December 27, 1995, has been made a part of the transcript, but neither the bill of exceptions nor the journal entry were offered or received into evidence by the district court.

Our factual understanding of the instant case is based solely on the allegations and admissions contained in Janet's petition for writ of habeas corpus. On January 28, 1992, the Pottawattamie County, Iowa, District Court entered a decree dissolving the marriage of Kevin and Debra. The court awarded custody of Ryan, born April 4, 1991, to both parents jointly. Janet contends that Debra has since abandoned Ryan and has not seen him for

years. Janet further claims that Ryan "has been in the intermittent possession of the grandmother throughout his life." Janet also alleges that Kevin, her son, has been declared "unfit" by a court and is currently living with Debra in Iowa, even though he is married to another woman.

In the petition, Janet complains that the Saunders County Court, on December 19, 1995, removed Ryan from her custody as the lawfully appointed guardian and placed custody with Debra without allowing Janet to present evidence weighing on the fitness of Kevin and Debra. Janet contends that such action placed Ryan in "grave danger." Janet also asserts that the county court refused to dismiss the guardianship petition, precluding appellate review and rendering moot a previous temporary order awarding Janet guardianship.

## ASSIGNMENTS OF ERROR

Janet contends that the district court erred in (1) sustaining Debra's motion to quash, (2) determining that the habeas corpus proceedings were subject to a motion to quash, (3) finding that the order in lieu of a writ of habeas corpus was subject to a motion to quash, (4) vacating its order in lieu of a writ of habeas corpus, (5) finding that the order in lieu of a writ of habeas corpus was granted improvidently, (6) finding that there was no basis upon which the court could take jurisdiction through a habeas corpus action, (7) applying a standard requiring a showing of illegality infecting the county court's custody order as a basis for a habeas corpus order, (8) dismissing the habeas corpus proceeding without a hearing, (9) finding that the habeas corpus action constituted a frivolous filing, (10) imposing a sanction of attorney fees, (11) determining the amount of attorney fees and expenses awarded as a sanction, (12) using an unsolicited journal entry from the Saunders County Court, (13) issuing an order unsupported by sufficient evidence, and (14) issuing an order contrary to law.

## STANDARD OF REVIEW

■ This appeal involves only a question of law. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996).

## ANALYSIS

Habeas corpus is a civil remedy constitutionally available in a proceeding to challenge and test the legality of a person's detention, imprisonment, or custodial deprivation of the person's liberty. *Uhing v. Uhing*, 241 Neb. 368, 488 N.W.2d 366 (1992). A habeas corpus proceeding is appropriate to test the legality of custody and best interests of a minor, when the party having physical custody of the minor has not acquired custody under a court order or decree. *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995); *Uhing v. Uhing, supra.*

We note that much of Janet's petition concerns alleged errors made by the county court. However, a writ of habeas corpus is not a corrective remedy and is not a substitute for appeal or proceedings in error. *Schleuter v. McCuiston*, 203 Neb. 101, 277 N.W.2d 667 (1979). Rather, an action for habeas corpus constitutes a collateral attack on a judgment. *Berumen v. Casady*, 245 Neb. 936, 515 N.W.2d 816 (1994).

An order of dismissal is a final, appealable order. *Mason v. Cannon*, 246 Neb. 14, 516 N.W.2d 250 (1994) (dismissal for want of prosecution). In a law action, before an appellate court can consider evidence bearing upon an issue of fact, evidence must have been offered at the trial court and embodied in the bill of exceptions filed with the appellate court. *Lincoln Lumber Co. v. Fowler*, 248 Neb. 221, 533 N.W.2d 898 (1995). A bill of exceptions is the only vehicle for bringing evidence before an appellate court. *R-D Investment Co. v. Board of Equal. of Sarpy Cty.*, 247 Neb. 162, 525 N.W.2d 221 (1995). As stated above, the bill of exceptions from the district court contains only colloquy between counsel and judge. No evidence was presented on the issue of guardianship or custody.

Janet alleges facts which, if true, would establish that Debra is unfit. Janet also alleges that she is the grandmother of the child and has been in intermittent possession of the child throughout his life. The Nebraska Supreme Court has held that habeas corpus may be maintained by a complete stranger to a child to test the question of custody between the stranger and the natural parent. *Hausman v. Shields*, 184 Neb. 88, 165 N.W.2d 581 (1969). Thus, a grandmother may institute a habeas corpus action in order to test the question of custody between her and the child's mother.

Janet alleges in her petition that the matter of the guardianship of Ryan was simultaneously being litigated in county court. The petition alleges that on December 19, 1995, 3 days before the petition for habeas corpus was filed with the district court, the Saunders County Court removed Ryan from Janet's custody, as lawfully appointed guardian, and placed him with Debra without allowing Janet to present evidence bearing on Debra's fitness, or lack thereof. The petition further indicates that the county court refused to dismiss the guardianship petition, thus preventing any avenue of appellate review. In essence, Janet seeks a reversal of the county court's procedure and interlocutory order.

Neb. Rev. Stat. § 24-517 (Reissue 1995) provides, in significant part: "Each county court shall have the following jurisdiction . . . (2) Exclusive original jurisdiction of all matters relating to guardianship or conservatorship of any person . . . ."

In *Miller v. Department of Public Welfare*, 182 Neb. 155, 153 N.W.2d 737 (1967), a mother brought a habeas corpus action in district court after the juvenile court had committed the care and custody of her children to the Department of Public Welfare. The district court denied the mother's application for writ of habeas corpus. On appeal, the Nebraska Supreme Court affirmed the dismissal, finding that the separate juvenile court had exclusive and continuing jurisdiction. Significantly, the court stated:

> It is the general rule that a court is without jurisdiction where it attempts by habeas corpus to interfere with the exercise by another court of jurisdiction theretofore acquired, unless the prior jurisdiction has been terminated. A writ of habeas corpus can be granted only by a court having jurisdiction, and the exercise of power to grant the writ cannot be used to unsettle valid legal proceedings, or to interfere with the exercise of jurisdiction of other courts.

*Id.* at 159, 153 N.W.2d at 740.

In the instant case, if we accept Janet's allegations in her petition as true, then we must conclude that the county court had exclusive original jurisdiction. See § 24-517. Furthermore, based on Janet's pled admission that the county court refused to

dismiss the guardianship petition, we must also conclude that (1) the county court's removal of Ryan from Janet's custody was only a temporary order and (2) the county court continued to have jurisdiction. Janet's petition is a blatant attempt at circumventing the authority of the county court. As stated above, a writ of habeas corpus cannot be used to unsettle valid legal proceedings or to interfere with the exercise of jurisdiction of other courts. *Miller v. Department of Public Welfare, supra.* It is clear that the county court retained jurisdiction in the guardianship proceeding. Thus, the district court properly dismissed Janet's petition for lack of jurisdiction.

The Saunders County District Court found that Janet's action constituted a frivolous filing, meriting the imposition of an award of attorney fees in the amount of $1,316.55. Neb. Rev. Stat. § 25-824(2) (Reissue 1995) allows a court to award reasonable attorney fees and court costs against an attorney or party who has brought or defended a civil action that alleges a claim or defense which the court determines is frivolous or made in bad faith. See *In re Estate of Snover,* 4 Neb. App. 533, 546 N.W.2d 341 (1996). On appeal, a trial court's decision allowing or disallowing an attorney fee under § 25-824 will be upheld in the absence of the trial court's abuse of discretion. *Lincoln Lumber Co. v. Fowler,* 248 Neb. 221, 533 N.W.2d 898 (1995); *Sports Courts of Omaha v. Meginnis,* 242 Neb. 768, 497 N.W.2d 38 (1993).

The Nebraska Supreme Court has defined "frivolous," for the purposes of § 25-824, as being a legal position wholly without merit, that is, without a rational argument based on law and evidence to support the litigant's position in the lawsuit. *Sports Courts of Omaha v. Meginnis, supra; In re Estate of Snover, supra.* An action is frivolous or in bad faith if a party attempts to relitigate the same issue previously resolved in an action involving the same party. *Sports Courts of Omaha v. Meginnis, supra.* Any doubt whether a legal position is frivolous or taken in bad faith should be resolved in favor of the one whose legal position is in question. *Sports Courts of Omaha v. Meginnis, supra; In re Estate of Snover, supra.*

Janet, after receiving an unfavorable but temporary ruling in county court, attempted to divest the county court of jurisdic-

tion and relitigate essentially the same issue, that of custody, in district court. Janet's admission that the county court refused to dismiss the guardianship petition was an acknowledgment of the county court's continuing jurisdiction. As stated above, Janet's habeas corpus action was not proper as long as the county court retained jurisdiction. We conclude that the district court did not abuse its discretion in imposing attorney fees, as a sanction, against Janet. Kevin and Debra are further allowed an attorney fee of $1,000 for fees in this court.

The judgment of the district court is affirmed.

AFFIRMED.