IN RE INTERESTS OF TAMMY OWEN, A MINOR CHILD UNDER THE AGE OF EIGHTEEN YEARS. W. R. MULLIKIN, APPELLEE, v. CONNIE OWEN LUTKEHUSE ET AL., APPELLANTS.

153 N. W. 2d 361

Filed October 13, 1967. No. 36539.

Kelly & Kelly, for appellants.

W. R. Mullikin, pro se.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is a proceeding under Chapter 43, article 2, R. R. S. 1943, brought by the county attorney of Lincoln County, to have Tammy Kay Owen, a female child born in September 1965, declared to be a dependent and neglected child. After a trial, the district court found Tammy Kay Owen to be a neglected child and committed the custody of such child to the Nebraska Children's Home Society of Omaha, Nebraska, and authorized such society to place the child in a suitable adoptive home and to that end to execute the consent necessary for such adoption. Connie Owen Lutkehuse and Devonna Dennis, mother and maternal grandmother, respectively, have appealed.

At the time the incidents arose resulting in the filing of the petition the child was in care of Devonna Dennis, the maternal grandmother. They were living in a small home adequate for their use. The home was fairly clean and comfortable. Devonna was drawing an allotment under the Aid for Dependent Children program. Such aid had first been granted to Connie Owen, the mother of the child, but it had been terminated and a new allotment made to Devonna because of Connie's abandonment of the child.

The evidence establishes the following facts: Devonna Dennis had the physical custody of Tammy Kay. The child was healthy and appeared to be well cared for, although the home was described as cluttered and not always clean. Devonna was separated from her last husband and between husbands was the mother of two illegitimate children. Connie Owen was the unwed mother of Tammy. She named a certain man as the

father of the child but admitted there were other men who could have been the child's father. Connie was 18 years of age when Tammy was born on September 30, 1965. Connie was away from the home and her child so much of the time that the A.D.C. checks were shifted from Connie to Devonna. A case worker for the Lincoln County public welfare department testified that she found Connie living with a man at a motel in North Platte which was not denied. It was established also that Connie had become pregnant a second time while unmarried, although she married the putative father, Harold Lutkehuse, after this litigation was commenced. There is evidence in the record that Connie has abandoned the child to the care of Devonna. There is also evidence that Devonna kept the child out late at night with her in places which she frequented. There is some dispute in the evidence on the details of Devonna's activities. The trial court heard and saw the parties and concluded that neither Connie nor Devonna were fit persons to have the care and custody of Tammy Kay. The moral character of Connie and Devonna is shown to be very questionable and their reputations over the years are such that a court would risk the best interests of Tammy Kay to give her care and custody to either. The evidence is sufficient to sustain the findings of the trial court.

An appeal from the findings and judgment in a case brought under Chapter 43, article 2, R. R. S. 1943, is heard in this court by a trial de novo upon the record. A neglected child is a child under 18 years of age who is abandoned by his parent, who lacks proper parental care by reason of the fault or habits of the parent, or whose parent neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such child. State v. Best, 173 Neb. 483, 113 N. W. 2d 650. A parent may not be deprived of the custody of his child by the court until it is established that the parent is unfit to

perform the duties and responsibilities of a parent, or has forfeited his right to the custody of the child. State v. Gross, 173 Neb. 536, 114 N. W. 2d 16. Where, as here, the parent has been shown to be unfit to have the care and custody of a minor child, the primary concern of the court is the best interest and welfare of the child. Smallcomb v. Smallcomb, 165 Neb. 191, 84 N. W. 2d 217; State v. Best, *supra*. A child must in fact be dependent and neglected at the time proceedings are instituted to have it declared a dependent and neglected child, or it must be in danger of becoming such in the near future. Jones v. State, 175 Neb. 711, 123 N. W. 2d 633. Whether or not a child is dependent and neglected within Chapter 43, article 2, R. R. S. 1943, is a question of fact in each case. Jones v. State, *supra*.

Under the evidence in this case, the fitness of the mother and grandmother is of such a nature as to require the removal of the child from their care and custody for the best interests of the child. The environment in which this little girl would be raised would be such as to risk the serious effects of an unmoral climate. The placing of the child where her surroundings, teaching, and care would be conducive to proper training, including the establishment of adequate physical, mental, and moral standards, is, as the trial court found, to the best interests of the child.

As we have heretofore stated, there are some conflicts in the evidence. The trial court which has seen and heard the witnesses is in a much better position to determine the best interests of the child than is this court. We think the evidence sustains the judgment of the trial court and its judgment is in all respects affirmed.

AFFIRMED.