In re Interests of Chena V. Johnson and Dondi T. Johnson, children under eighteen years of age.
Michael T. Healey, appellee, v. Ingrid Y. Johnson, appellant.

198 N. W. 2d 466

Filed June 23, 1972. No. 38381.

678

Samuel J. Turco of Seminara, Caniglia, Meazell & Turco, for appellant.

Donald L. Knowles, Colleen R. Buckley, and Roger R. Holthaus, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

NEWTON, J.

This is an action brought in the juvenile court of Douglas County, Nebraska, in the interests of Chena V. and Dondi T. Johnson, who were then respectively 3 and 1 years of age. They are children born to appellant Ingrid Y. Johnson out of wedlock by different fathers. The trial court found the children to be neglected, terminated all parental rights, and committed the children to the Department of Public Welfare of the State of Nebraska. We affirm the judgment of the juvenile court.

The fathers of the children, subsequent to their birth, displayed no interest in them, and did not contribute to their support. Appellant received Aid to Dependant Children funds, was consistently unemployed, and had no other means of sustaining herself and the children.

The home was inadequately furnished, due, not to lack of funds, but to indifference on the part of appellant. It was also very filthy and odorous. There was a failure to provide the children with adequate or sufficient clothing. The children were frequently left in a locked apartment without adult supervision other than a request to neighbors to look in on them occasionally. These instances covered various periods of time and on one occasion the appellant told a neighbor she would only be gone 20 minutes and failed to return for 3 days. Appellant served 10 and 30-day stretches under confinement in the county jail, apparently for petit larceny. The record is not entirely clear with reference to the whereabouts of the children on these occasions, but the inference is that they were in the custody of appellant's sister in the apartment and under the conditions above described.

Appellant contends the decision of the juvenile court is not supported by the evidence. The following rules appear to be applicable. "A neglected child is a child under 18 years of age who is abandoned by his parent, who lacks proper parental care by reason of the fault or habits of the parent, or whose parent neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such child." Mullikin v. Lutkehuse, 182 Neb. 132, 153 N. W. 2d 361.

"The child custody statutes of the State of Nebraska are to be liberally construed to accomplish the purposes of serving the best interests of the children involved. * * *

"In cases involving child custody determinations in juvenile court and other courts, the findings of the trial court, both as to an evaluation of the evidence and as to the matter of custody, will not be disturbed unless there is a clear abuse of discretion or the decision is against the weight of the evidence." State v. Randall, 187 Neb. 64, 187 N. W. 2d 586.

The evidence reflects that representatives of the Douglas County Welfare Office had been working with appellant for many months in an effort to improve the lot of these children. Such efforts were unavailing and there is no reason to assume that conditions would be improved in the future if the children were left with their mother. The children have clearly been neglected and it is definitely in their interests that they be provided with more acceptable care and surroundings. The findings and order of the juvenile court are not unreasonable and there has not been an abuse of discretion.

We find it to be in the best interests of the children to affirm the judgment of the juvenile court.

AFFIRMED.