IN RE INTEREST OF KARLA KAY KINKNER, A CHILD UNDER EIGHTEEN YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. MARJEAN KINKNER ET AL., APPELLANTS.
216 N. W. 2d 165

Filed February 28, 1974. No. 39036.

Walter C. O'Neal, Jr., for appellants.

Joseph P. McCluskey, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

STUART, District Judge.

This is an action brought by the county attorney of the County of York to have Karla Kinkner declared to be a dependent and neglected child under Chapter 43, article 2, R. R. S. 1943. The petition was filed in the York county court, and, after trial, the county judge adjudged Karla Kinkner to be a neglected child, committed her custody to the Department of Public Welfare of the State of Nebraska, and terminated all parental rights. Since the trial in the county court on August 18, 1969, the actual custody of Karla Kinkner has remained with the Department of Public Welfare. Marjean Kinkner, the mother of the child, appealed to the District Court. The case was consolidated for trial with the case brought in the interest of Michael Kinkner, the younger brother of Karla. After trial, the District Court found Karla Kinkner was a neglected child and committed her to the care and custody of the Department of Public Welfare. Marjean Kinkner and Edna Schaeffer, the maternal grandmother, have appealed.

An appeal of a case brought under Chapter 43, article 2, R. R. S. 1943, is heard in this court by trial de novo upon the record. Mullikin v. Lutkehuse, 182 Neb. 132, 153 N. W. 2d 361. The fact the trial judge heard and observed the parties and witnesses is an important consideration in determining the weight and significance

of the testimony.  Mingus v. Stuchlick, 185 Neb. 139, 174 N. W. 2d 194.

The evidence is summarized as follows:  At the time the incidents occurred, which resulted in the filing of the petition, Leslie Kinkner, the father of the children, was hospitalized for alcoholism.  The children were in the care of Marjean Kinkner.  In March 1969, when the family was living in Sioux Falls, South Dakota, Marjean Kinkner left the children with a baby sitter, did not return to pick them up at the appointed time, and finally returned for the children 5 days later.  The home occupied by Marjean Kinkner and the children at this time was described as dirty, smelling of urine, having dirty diapers and rotten food about, with dirty dishes in the sink, and having dirty and unmade beds.  Although the children's parents were not divorced, Marjean Kinkner then came to York, Nebraska, with one Paul Evans and commenced living with him.  At about this time, Michael Kinkner sustained bodily injuries, including bite marks on his buttocks, bruises on his legs, and serious head injuries necessitating a skull operation described as a bilateral coronal trephine.  The cause of his injuries was not established, but they were of such a nature that it is reasonable to conclude that Michael was a "battered" child.  The sheriff was called to the apartment occupied by Marjean Kinkner, Paul Evans, and the children on June 28, 1969.  He found a fight in progress with Paul Evans pushing a butcher knife against Marjean's throat.  After being placed in a foster home, Karla Kinkner was highly nervous for a time, appeared to be afraid of any man, and stated, "Paul beat my mommy up and there was blood all over her face."

A neglected child is a child under 18 years of age who is abandoned by his parent, who lacks proper parental care by reason of the fault or habits of the parent, or whose parent neglects or refuses to provide proper

or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such child. Mullikin v. Lutkehuse, *supra*.

It is conceded the father of the children is unfit by reason of alcoholism. The evidence in the case shows the mother of the children to be unfit by reason of failing to maintain a reasonably clean and wholesome home, by placing the children in an immoral climate, and by exposing the children to a situation where one or both of the children were in danger of sustaining serious and permanent injuries.

Where the parents have been shown to be unfit to have the care and custody of a minor child, the primary concern of the court is the best interests and welfare of the child. Mullikin v. Lutkehuse, *supra*. Under the evidence, the trial judge was fully justified in choosing to place the children with the Department of Public Welfare in preference to the home of the maternal grandmother.

Karla Kinkner is a "neglected child" as defined by law. The care and custody of Karla Kinkner is committed to the State of Nebraska Department of Public Welfare and all parental rights of Leslie Kinkner and Marjean Kinkner are terminated. The judgment of the trial court is affirmed.

AFFIRMED.