IN RE INTERESTS OF TINA MARIE BAILEY ET AL., CHILDREN UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. JULIA ANN BAILEY ET AL., APPELLANTS.

254 N. W. 2d 404

Filed June 8, 1977. No. 40991.

John F. Thomas and Joseph S. Daly of Emil Sodoro Law Offices, and Wesley E. Hauptman, for appellants.

Donald L. Knowles and Francis T. Belsky, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal from an order of the Separate Juvenile Court of Douglas County, Nebraska, terminating the parental rights of Orlo Andrew and Julia Ann Bailey, the appellants, in their three children, Tina, Patricia, and Orlo Duane Bailey.

The jurisdiction of the court was invoked by a petition by the county attorney, alleging that the appellants were unfit parents upon various statutory grounds and praying for the termination of their parental rights. The court made an adjudication, finding it had jurisdiction and that the children were dependent and neglected. §§ 43-202(2) and 43-209 (2), (3), and (4), R. S. Supp., 1976. At a later disposition hearing, it was ordered that the parental rights be terminated. The appellants appeal, assigning error

in that the judgment is not supported by the evidence and is contrary to law, and that the trial court admitted improper evidence. We affirm the judgment of the court.

At the adjudication hearing, the appellants were shown to be the parents of Tina, born December 23, 1973, Patricia, born October 5, 1974, and Orlo Duane, born August 26, 1975. After the appellants moved to Douglas County, Nebraska, they made application for assistance from various agencies that provided assistance to needy families. The assistance they requested was supplied. The father's employment was occasional and sporadic, at least partly on account of his use of alcohol. For this reason, the family was inspected and investigated frequently and many witnesses became familiar with their situation. The witness Kreader, of the Douglas County child protective services, testified that he had been in contact with the family from 200 to 250 times, either by personal visits or by telephone; that he had visited the family at each of the three residences they had occupied in Omaha, Nebraska; that he had observed each household to be consistently in a filthy condition and, at various times, to be littered with beer cans, exposed food, and children's clothing soiled with dirt, urine, and fecal matter; that the child, Tina, was frequently clad in dirty clothing and that her body was unwashed; that the child, Orlo Duane, was not wearing his medically prescribed orthopedic harness; that knives and other items potentially dangerous for children to handle were lying around within reach of the children; and that the father was drinking beer on many occasions. Other welfare workers, home cleaners, a visiting nurse, and police officers testified to the same general effect. The appellants made no significant denials of this testimony.

At the adjudication hearing, exhibit B, a copy of a letter, a neglect petition, and an order from Tomp-

kins County, New York, was offered in evidence by the State. The court overruled objections and received the exhibit into evidence. Obviously, the exhibit did not relate to the issue of the neglect of the children in Douglas County, Nebraska, and it was irrelevant at least until the disposition hearing. The Juvenile Court, however, is presumed to disregard irrelevant evidence in making the adjudication and the receipt of the exhibit was not prejudicially erroneous. State v. Miller, 189 Neb. 383, 203 N. W. 2d 97.

The right of a parent to retain the custody of children is a natural but not an inalienable right; the public has a paramount obligation to preserve and to protect the best interests of the children. Rejda v. Rejda, *ante* p. 465, 253 N. W. 2d 295; State v. Tibbs 197 Neb. 236, 248 N. W. 2d 330. It is clear from the record, and virtually undisputed, that the appellants were unable or unwilling to recognize and to discharge their parental responsibilities over a substantial period of time even with appropriate consultation, assistance, and advice. The Juvenile Court properly found that it had been established by a preponderance of the evidence that the appellants had substantially and continuously or repeatedly neglected the children and had refused to give the children necessary parental care and protection, thus bringing them within the terms of section 43-209 (2), R. S. Supp., 1976.

The appeal in this case is heard de novo upon the record; this court will give weight to the findings of fact made by the trial court because it heard and observed the parties and the witnesses. Grant v. Doeschot, 189 Neb. 121, 201 N. W. 2d 252; State v. Tibbs, *supra;* State v. A. H., *ante* p. 444, 253 N. W. 2d 283. A review of the entire record shows ample support for the findings of fact and the adjudication by the Juvenile Court.

At the dispositional hearing, the trial court re-

ceived and considered not only exhibit B previously mentioned, but also a joint report by the probation officer, child protective caseworker, and foster care caseworker, which included reports from public agencies concerning the appellants during the periods of their residence in New York and Michigan, all over the objection of the appellants. The court also received and considered medical and psychiatric reports and evaluations of the appellants. Appellants urge that their objections should have been sustained and that the exhibits should not have been received or considered. Section 43-206.03(4), R. S. Supp., 1976, provides that strict rules of evidence shall not be applied at any dispositional hearing. Under such a statute, the Juvenile Court may exercise a sound discretion in respect to determining the relevancy, competency, and admissibility of testimony to be considered at a dispositional hearing. We find no abuse of discretion by the Juvenile Court. The record shows that the finding of the court that the best interests of the children required the termination of parental rights of the appellants was fully supported by the evidence and was proper. Rejda v. Rejda, *supra.*

The judgment of the Separate Juvenile Court both as to adjudication and disposition of this action is correct and is affirmed.

AFFIRMED.