IN RE INTERESTS OF JULIE BOYLES AND JESSIE BOYLES, CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. MARGE DURAN, APPELLANT.
283 N. W. 2d 382

Filed September 18, 1979.   No. 42230.

Knapp, State, Yeagley, Mues & Sidwell, for appellant.

Gary L. Hogg, Buffalo County Attorney, and Nancy J. Ludden, for appellee.

Heard before KRIVOSHA, C. J., CLINTON, and WHITE, JJ., and STANLEY and GITNICK, District Judges.

GITNICK, District Judge.

This is an action brought in the county court of Buffalo County, Nebraska, seeking to have two of the appellant's eight children declared dependent and neglected under section 43-202(2), R. R. S. 1943, and to terminate the appellant's parental rights.

After an adjudication hearing, the court found that the minor children, Julie and Jessie Boyles, ages 6 and 7, were dependent and neglected and the children were placed in the custody of the Buffalo County Department of Social Services pending a dispositional hearing.

At the dispositional hearing, the court terminated the parental rights of the appellant and placed the custody of the two minor children in the State Department of Public Welfare. The appellant then appealed the county court's decision to the District Court for Buffalo County. That court entered its order finding that the order of the county court terminating the parental rights of the appellant should be set aside. The court remanded the cause to the county court for further hearing, on the basis that the statutes contemplate notice to both parents in actions to terminate parental rights when the children involved are not born out of wedlock, and in this case notice was not given to the natural father of the children.

After notice to both biological parents of the minor children, the county court of Buffalo County held a second dispositional hearing in this matter, and again terminated the parental rights of the parents, and the children were made wards of the State of Nebraska.

The appellant again appealed the decision of the county court, terminating her parental rights, to the Buffalo County District Court, and on June 6, 1978, the District Court entered its order affirming the findings and order of the county court terminating the parental rights of the appellant to her minor children. Thereafter, appellant filed her motion for new trial, which was overruled, and this appeal followed.

In substance, appellant assigns as error that: (1) The evidence was insufficient to support the juvenile court's finding and order terminating parental rights; (2) the court erred in admitting into evidence, over objection, certain written reports amounting to hearsay evidence; (3) the court erred in not requiring court-supervised rehabilitative efforts to be carried out prior to terminating parental rights; and (4) the court erred in not admitting into evidence additional testimony by the appellant during the second appeal to the Buffalo County District Court concerning the then current circumstances and home environment of the appellant. We affirm the judgment of the court.

Section 43-209, R. R. S. 1943, in part provides: "* * * The court may terminate all parental rights between the parents * * * and such child when the court finds such action to be in the best interests of the child and it appears by the evidence that one or more of the following conditions exist:

"* * * (2) The parents have substantially and continuously or repeatedly neglected the child and refused to give the child necessary parental care and protection * * *."

An appeal of this matter is heard in this court by trial de novo upon the record, although the findings of fact made by the trial court will be accorded great weight because the trial court heard and observed the parties and the witnesses, and the findings of the trial court will not be disturbed on appeal unless they are against the weight of the evidence such as to constitute an abuse of discretion. State v. Logan, *ante* p. 204, 281 N. W. 2d 753 (1979).

At the second dispositional hearing, which resulted in termination of parental rights, the evidence shows that the bill of exceptions of the first dispositional hearing and the social service report introduced at that hearing were received in evidence by the court without objection.

In summary, the evidence adduced from the bill of exceptions on the first dispositional hearing shows that the appellant, who was then unemployed, was living in a small trailer home with her third husband who was not the father of the children here involved, but they were going to move to a larger trailer home. She stated her intention to enroll in a course of study so that she could be a licensed practical nurse and that she had attended two parenting counseling sessions in the 3-month period since the adjudication hearing. Visitation with the children was had on a weekly basis. Her job history had been irregular and part time only since the adjudication hearing.

The social service report introduced in evidence at the first dispositional hearing without objection contains a social history of the appellant. In summary, by the time appellant was 20 years of age, she had five children and was unable to cope with the stresses of family life because of her youth and the demands of her five children. She had neither the time nor the opportunity to develop any parenting skills. She found it difficult to deal with the everyday problems of sending the children to school and seeing that they

were kept clean; and the supervision of the children was delegated to the older children or to their grandparents, with the result that as the children felt able to do so, they left the home and now have a history of divorce, dropping out of school, and uncontrollable deportment. The social service agency suggested, in its report, that the appellant see and cooperate with the local mental health center and find a larger and more adequate place of residence.

At the second dispositional hearing, some 5 months following the first dispositional hearing, the evidence shows that the two children here involved had been using obscene language as a normal part of their conversation when first placed in foster care following the adjudication hearing; were preoccupied with sexual activities of various definitions not usual in children of tender years; had poor hygienic habits; were not informed as to basic foods and eating habits; were frail; were in need of immediate dental attention; had bruises, open sores, and cigarette burns about their bodies; took things of others without permission or payment; and were setting fires. The evidence further showed that during the time the children lived with their mother prior to the adjudication hearing, the children were behind in school levels for their ages, were socially backward, were tired and sleepy, had school attendance and behavior problems, were underweight, and were sloppy in dress, unkempt in appearance, and inappropriately dressed for existing weather conditions.

Further evidence regarding appellant shows a history of three marriages with frequent separations therefrom, frequent separations of appellant from her eight children, financial difficulties and interrupted work history, arrests for intoxication and fighting in public, frequent changes in residence, intentional burning of her present husband's clothes on her front lawn because of a fight she had with him, placement of two other unemancipated children with

her mother, and failure to cooperate with the suggested counseling of the local mental health agency.

This court has previously stated that the integrity of the family unit depends upon the protection of its individual members from abuse and neglect and that the parental right of custody and control creates a duty of care and support. State v. Logan, *supra.* The evidence in this case is abundant that the appellant failed to discharge her parental duties and obligations to provide a decent home, a proper environment, a proper role model, support, subsistence, education, attention, love, and other care necessary for the mental and physical health and well-being of her children. While courts cannot and should not deprive a parent of the custody of children merely because a parent has limited resources or financial problems or is not socially acceptable, the evidence in this case goes beyond such criteria. There is ample evidence of neglect and a lack of proper parental care adversely injurious to the mental and physical health and well-being of the children which, if permitted to continue, would probably lead to both serious problems for the children in learning to cope with the stresses of society and an inability to find a suitable place in society in the future as they mature.

At the second dispositional hearing, the court received as evidence, over foundational and hearsay objections, the report of a consulting psychiatrist of the South Central Community Mental Health Center, a school performance report of the Kearney public schools, the arrest record of appellant, a child welfare social study report of the Buffalo County welfare agency, a recommendation of the Nebraska Department of Public Welfare, and the report of a police officer summarizing his knowledge of the drinking and behavioral habits of the appellant and

her present husband from December 6, 1976, through July 1, 1977.

We are met with a challenge by the appellant that the court's determination was based in part on these reports, conclusionary in form, containing hearsay matters and introduced with complete lack of foundation, in violation of appellant's rights of cross-examination. We first point out that section 43-206.03 (4), R. R. S. 1943, provides that strict rules of evidence shall not apply at any dispositional hearing. As we have previously stated, the juvenile court may exercise a sound discretion in determining the relevancy, competency, and admissibility of evidence to be considered at a dispositional hearing. State v. Bailey, 198 Neb. 604, 254 N. W. 2d 404 (1977). We also point out that this record is replete with sufficient evidence to justify the court's termination of parental rights if the evidence to which objection is made had been excluded. While the nature of such reports may be questioned, and a more appropriate procedure would be the submission of such reports to adverse counsel prior to hearing so that a proper opportunity to rebut their content may be afforded, the acceptance of such materials into evidence is better analyzed through an analysis of the nature of the dispositional hearing.

The dispositional hearing affords the trial court an opportunity for a wide-ranging review of a child's complete social history apart from the basic circumstance of the adjudication hearing. It looks only to what is in the child's best interests for such child's future.

As we have previously stated, the Legislature of this state has clearly stated that no strict evidentiary rules shall apply. § 43-206.03(4), R. R. S. 1943. Furthermore, "The child custody statutes of the State of Nebraska are to be liberally construed to accomplish the purposes of serving the best interests of the children involved * * *." Healey v. Johnson, 188

Neb. 677, 198 N. W. 2d 466 (1972); State v. Randall, 187 Neb. 64, 187 N. W. 2d 586 (1971). It is presumed the trial court disregarded all irrelevant and incompetent matters in making its decision if there was other sufficient, competent, and material evidence in the record to sustain the court's decision. State v. Bailey, *supra*; Krell v. Sanders, 168 Neb. 458, 96 N. W. 2d 218 (1959).

We, therefore, find that the evidence was sufficient to support the finding of the juvenile court in terminating the appellant's parental rights.

The appellant also argues that the court erred in refusing to order and direct rehabilitative efforts to be undertaken by the appellant prior to termination of parental rights, and asserts, as a basis for this contention, that the policy of the juvenile court act is best exemplified by the statutory language of section 43-209(6), R. R. S. 1943, which reads in part, "* * * (6) Following upon a determination [of neglect or dependency] reasonable efforts, under the direction of the court, have failed to correct the conditions leading to a determination * * *," and the policy considerations as stated in section 43-201.01, R. R. S. 1943, in particular subsection (2), which provides for the intervention of the juvenile court in the interests of any child who is within the provisions of the act, with due regard to parental rights and capacities and the availability of nonjudicial resources, and subsection (3) thereof, which provides for the use of social and rehabilitative services to the involved children and their families, and subsection (4) thereof, which provides that the juvenile court shall separate the child from its parents only when necessary for the child's welfare or in the interest of public safety and that when a temporary separation is necessary, to consider the developmental needs of the individual child in all placements and to assure every reasonable effort possible to reunite the child with his family.

These policy statements are laudable and establish a generalized program for the juvenile courts to follow. The overriding consideration in all cases, however, must be the doctrine which we have long followed in cases such as this, that the court may terminate all parental rights of parents when the court finds such action to be in the best interests of the child and it appears from the evidence that the parent or parents have substantially and continuously or repeatedly neglected the child and refused to give the child necessary parental care and protection. The parents' natural and superior rights to have custody of their children have always been protected and maintained by the courts, but those rights are not absolute or inalienable, as society also has a paramount interest in the protection of the right of children to be loved, cared for properly, and to have proper moral training and education. State v. Jenkins, 198 Neb. 311, 252 N. W. 2d 280 (1977). In reviewing the family history of appellant and the difficulties and present status of her other six children, the trial court correctly concluded that rehabilitative efforts would serve no useful purpose. We learn from the past. Appellant incorrectly assumes that because the minor children have only been in difficulty on this one occasion, some second chance should be afforded. The issue in a disposition hearing where a child has been found to be neglected or dependent is not the adjudicated offense with which the children are involved, but rather a broader concern of overall conduct of the children and their parents and what ought to be done to correct the situation in the best interests of the children. The evidence in this case reveals a continuous and habitual pattern of parental misconduct and general irresponsibility and the court must be concerned with the effect which the actions of a parent may create on the impressionable minds of young children.

Appellant also argues that section 43-209, R. R. S.

1943, requires, upon a determination of neglect or dependency, but as a precondition of termination of parental rights, that the court must set forth and supervise efforts to correct the conditions leading to the determination of neglect or dependency. She argues in effect that if subsection (6) of section 43-209, R. R. S. 1943, which reads, "Following upon a determination that the child is one as described in subdivision * * * (2) of section 43-202, reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination," is construed as not requiring the institution of rehabilitative programs, then it is a meaningless provision.

We believe appellant misconstrues subsection (6) of section 43-209, R. R. S. 1943, as this subsection of the statute is one of six independent circumstances under which the court may terminate parental rights. This subsection incorporates section 43-202, R. R. S. 1943, within its purview. Section 43-202, R. R. S. 1943, contains the jurisdictional instances when the juvenile court may act. We conclude that the court may terminate parental rights under the first five subsections of section 43-209, R. R. S. 1943, and under the provisions of section 43-202, R. R. S. 1943, provided that when the conditions set forth in section 43-202, R. R. S. 1943, are found to exist, reasonable efforts must be shown to have been taken to correct the conditions leading to the determination that a child is one of those mentioned in section 43-202, R. R. S. 1943, and those measures have failed. We do not read this requirement as existing when termination of parental rights occurs under the provisions of subsections (1) through (5) of section 43-209, R. R. S. 1943. The District Court, in its journal entry after finding that the juvenile court predicated its jurisdiction on section 43-202(2), R. R. S. 1943, made an express finding that the appellant "has substantially and continuously neglected the children and refused

to give the children necessary care and protection. * * *'' This finding was substantially in the words of subsection (2) of section 43-209, R. R. S. 1943, and evidences a clear intent of the court to predicate the termination of parental rights on subsection (2) and not on subsection (6). The court was clearly within its discretionary authority in so determining and did not abuse its discretion in this regard.

The appellant further argues that at the time of the second appeal before the District Court, the appellant should have been permitted to adduce additional testimony of the appellant's family and home circumstances during the 5-month period intervening between the second dispositional hearing and the appeal to the District Court. Section 24-541, R. R. S. 1943, does permit the District Court to receive additional evidence at the time of hearing on appeal if that court determines such evidence is reasonably necessary to determine the issues, make findings of fact, and render judgment thereon. Our review of the record in this case fails to show an abuse of discretion by the District Court in refusing to permit the introduction of this additional evidence.

The appellant also alleges the court erred in terminating appellant's parental rights without making a specific finding as to the existence of one or more conditions enumerated in section 43-209, R. R. S. 1943. The introductory language immediately preceding the enumerated conditions of that section reads: ''The court may terminate all parental rights between the parents * * * and such child when the court finds such action to be in the best interests of the child and it appears by the evidence that one or more of the following conditions exist * * *.''

In its order, the trial court made specific findings clearly reflective of the substantial and continuous neglect of the children by the appellant, but not in the words of the statute. The District Court, in its journal entry on appeal, made its finding in the

words of the statute. In either event, to follow appellant's theory would permit form to prevail over substance. Appellant's contention is without merit.

The judgment of the District Court is affirmed.

AFFIRMED.