IN RE INTEREST OF JOHNNY JOE MOSIER, A MINOR CHILD UNDER THE AGE OF 18 YEARS. STATE OF NEBRASKA, APPELLEE, V. DIXIE BURGER, APPELLANT.
288 N. W. 2d 22

Filed January 22, 1980. No. 42477.

Donald E. Rowlands II of Baskins & Rowlands, for appellant.

Scott P. Helvie, Lincoln County Public Defender, and Charles Balsiger, for appellee.

Heard before KRIVOSHA, C. J., WHITE, and HASTINGS, JJ, and RIST and BARTU, District Judges.

BARTU, District Judge.
Dixie Burger, natural mother of Johnny Joe Mosier, appeals from an order of the Lincoln County juvenile court, affirmed by the District Court, termi-

nating parental rights to her son. She assigns as error (1) that the decision was not supported by the evidence and was an abuse of the court's discretion, and (2) that termination of parental rights was not in the best interests of the minor child.

An appeal of a juvenile case is by trial de novo upon the record, and an order terminating parental rights must be supported by clear and convincing evidence. State v. Souza-Spittler, 204 Neb. 503, 283 N. W. 2d 48 (1979); State v. Hamilton, 204 Neb. 537, 283 N. W. 2d 66 (1979).

The transcript and bill of exceptions in this matter establish the following. Johnny Joe Mosier is the minor child of James Henry Mosier, Jr., and Dixie L. Burger. On August 30, 1977, upon the affidavit of the Deputy Lincoln County Attorney, the minor child was removed from the residence of his mother, Dixie Burger, and his then current stepfather, Thomas F. Burger. Thereafter, on September 2, 1977, a juvenile court petition was filed in the Lincoln County court alleging that he was a child within the meaning of section 43-202 (2) (b), R. R. S. 1943, as amended, in that he lacked proper parental care by reason of a fault or habit of his parents, guardian, or custodian.

On September 16, 1977, a hearing was held, at which time Dixie Burger and Thomas F. Burger were advised of the juvenile court petition, possible dispositions, and their statutory and constitutional rights. The Lincoln County Public Defender's office was appointed to act as guardian ad litem for the minor child.

An adjudication hearing was held September 23, 1977, at which time Dixie Burger, Thomas F. Burger, and the guardian ad litem for the minor child admitted the allegations contained in the juvenile court petition.

Pursuant to a stipulation by all parties, a disposition order was entered on September 23, 1977, termi-

nating all custodial rights of the stepfather, Thomas F. Burger, and providing that the care, custody, and control of Johnny Joe Mosier be placed in the Lincoln County Department of Public Welfare for a period of 1 year. Appellant was granted one visitation per month with the minor child and ordered to be solely responsible for the minor child's support in the amount of $125 per month, plus reasonable clothing, medical, and dental expenses, and was instructed that if she desired to regain the care and custody of her minor child, she should, during the 1-year period the child was in the custody of the Lincoln County Department of Public Welfare, undergo psychological and psychiatric counseling, cooperate with the Lincoln County Department of Public Welfare in helping her to establish an environment for the child that would be safe for his health and welfare, and submit to a psychological evaluation, the results of which were to be provided to the Lincoln County juvenile court.

On March 30, 1978, a motion to terminate parental rights was filed alleging that Dixie Burger and James H. Mosier, Jr., natural father of the minor child, (1) had abandoned the child for 6 months or more immediately prior to the filing of the motion, (2) had substantially and continuously or repeatedly neglected the child and refused to give the child necessary parental care and protection, and (3) had, being financially able, willfully neglected to provide the child with necessary subsistence, education, or other care.

Insofar as applicable to this case, section 43-209, R. R. S. 1943, provides: ''The court may terminate all parental rights between the parents * * * and such child when the court finds such action to be in the best interests of the child and it appears by the evidence that one or more of the following conditions exist: * * * (2) The parents have substantially and continuously or repeatedly neglected the child

and refused to give the child necessary parental care and protection * * *.''

The hearing on the motion to terminate parental rights was held June 15, 1978. Parental rights were terminated July 5, 1978. Among other findings in its termination order, the trial court found, ''* * * that Dixie Burger has either repeatedly inflicted upon or condoned physical abuse and violence against the minor child * * *'' and, ''* * * Dixie Burger * * * has repeatedly neglected and refused to give the minor child necessary parental care and protection.'' The file, exhibits, and record of the dispositional hearing held September 23, 1977, were judicially noticed by the trial court upon the motion of the State without objection by the appellant. This evidence clearly and convincingly established that the appellant inflicted and allowed the infliction of extreme physical abuse upon Johnny Joe Mosier for an extended period of time prior to September 1, 1977. Appellant admitted the abuse. Photos and medical opinion established its severity and duration.

Appellant now contends that such evidence was irrelevant to the issues presented at the termination hearing for the reason that the trial court had entered its order on September 23, 1977, upon that evidence.

Such argument is frivolous and without merit. Section 27-401, R. R. S. 1943, provides: "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The evidence of extreme physical abuse was relevant and clearly and convincingly established that the appellant substantially and continuously or repeatedly neglected Johnny Joe Mosier and refused to give him necessary parental care and protection.

It was in the best interests of Johnny Joe Mosier that the parental rights of Dixie Burger be terminated.

It is unnecessary to consider the remainder of appellant's contentions that the evidence was insufficient to show abandonment or a failure to provide the support inasmuch as parental rights may be terminated for any one of the six independent circumstances proscribed by section 43-209, R. R. S. 1943. State v. Duran, 204 Neb. 546, 283 N. W. 2d 382 (1979).

The judgment terminating the parental rights of appellant to Johnny Joe Mosier is affirmed.

AFFIRMED.