IN RE INTEREST OF CARLSON. STATE OF NEBRASKA, APPELLEE, V. DEBRA LYNN CARLSON, NATURAL MOTHER, APPELLANT.

299 N.W.2d 760

Filed December 19, 1980. No. 43153.

John B. Ashford of Bradford & Coenen for appellant.

Donald L. Knowles, Douglas County Attorney, and Francis T. Belsky for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and MORAN, District Judge.

HASTINGS, J.

This is an appeal by Debra Lynn Carlson from an order of the Separate Juvenile Court of Douglas County, terminating her parental rights to her three minor children, Andrea, Nigkeyla, and Kenyantia Carlson. The appellant assigns as error generally that the termination was not supported by clear and convincing evidence, and specifically that the court erred in not implementing a plan of rehabilitation for the mother. We affirm the juvenile court order.

The Carlson daughters are 8, 5, and 3 years of age, and each has a different father, judicially determined to be John Doe, real name unknown. The fathers' parental rights were also terminated by the juvenile court order. A petition was filed on December 13, 1978, by the Douglas County attorney's office, alleging that the three girls came within the meaning of Neb. Rev. Stat. §§ 43-202(1), 43-202(2)(b), and 43-209(2) (Reissue 1978) as to their mother, Debra Carlson, and requesting, inter alia, termination of her parental rights. The girls were placed in the temporary custoday of Douglas County Social Services for placement in foster homes, where they still remain.

On June 18, 1979, the juvenile court found that the children came within the meaning of §§ 43-202(2) and 43-209(2), and took the matter of the best interests of the children and the parental rights under advisement. A disposition hearing was held on August 24, 1979, and evidence was adduced, after which the court

ordered the mother to undergo psychiatric and psychological evaluation, and continued the disposition hearing until November 6, 1979. On November 7, 1979, after further hearing, the court entered an order terminating the rights of Debra Lynn Carlson to her three daughters, pursuant to § 43-209(2), in that she had substantially, continuously, or repeatedly neglected the children, and refused to give them necessary parental care and protection.

The evidence shows that Debra Lynn Carlson is an illiterate young woman of very low intelligence. She is not now, nor has she ever been, married. Ms. Carlson has a history of drug abuse, and has supported herself through prostitution since the age of 15. The oldest child, who was born addicted to heroin, has lived with her maternal grandparents most of her life, and the grandparents were very frequent babysitters for the other two girls. There is substantial evidence that at least the older girls were sexually abused by their grandfather and their maternal uncles. Debra Lynn Carlson knew that her father had a history of sexual abuse of children and that he has a history of mental problems. In fact, she had been a victim of his sexual abuse herself. She suspected that he might be similarly abusing her children and yet she permitted the grandparents to be the main source of child care. The two older girls further reported that they had witnessed their mother engage in sexual encounters with men friends.

Other than welfare assistance, Ms. Carlson's only means of supporting herself and her daughters has been through prostitution. Her reading skills are so limited that she requires assistance in filling out job application forms. In spite of this, she testified on cross-examination that she did not feel that she needed vocational training, nor did she feel that she needed psychological or psychiatric therapy. In fairness, we note that she did express the willingness to go through a training program. However, as recently as September

1979, Debra Lynn had been "non-positively terminated" from an Opportunities Industrialization Center (OIC) training program for failure to cooperate.

It is well established that a review of a juvenile case is by trial de novo, and an order terminating parental rights must be supported by clear and convincing evidence. *In re Interest of O'Donnell, ante* p. 367, 299 N.W.2d 428 (1980). The appellant argues that the evidence does not support termination; rather, it points toward the implementation of a rehabilitation plan and the court's failure to do so was error.

Once the parent has been shown to be unfit to have the care and custody of a minor child, the primary concern of the court is the best interests and welfare of the child. *Mullikin v. Lutkehuse*, 182 Neb. 132, 153 N.W.2d 361 (1967); *Mingus v. Stuchlick*, 185 Neb. 139, 174 N.W.2d 194 (1970). Parental rights may be terminated for any one of the six independent circumstances proscribed by § 43-209. *State v. Burger*, 205 Neb. 340, 288 N.W.2d 22 (1980). There is no requirement that the court must implement a rehabilitation plan for the parent of a child found to be dependent and neglected, and particularly if such a plan has very little chance of success and it would not be in the best interests of the child. The right of a parent to custody and control of his child is a natural, but not an inalienable, right. The public has a paramount interest in the protection of children from abuse and neglect. *State v. Wedige*, 205 Neb. 687, 289 N.W.2d 538 (1980).

The Carlson children were receiving no protection from recurrent sexual abuse. They were being exposed to completely unsatisfactory social conditions at home. They have a right to grow up in a healthy and wholesome environment. Each day's delay in making them available for permanent placement in such satisfactory surroundings causes such right to become increasingly unobtainable. In reviewing this case de novo, we find that there is clear and convincing evidence supporting the termination of parental rights of Debra

Lynn Carlson to her three children. The judgment of the Separate Juvenile Court was correct, and it is affirmed.

AFFIRMED.