IN RE INTEREST OF LESLIE ANN FARMER,
A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
JUDY ANN FARMER, NATURAL MOTHER, APPELLANT.

315 N.W.2d 454

Filed January 29, 1982. No. 44335.

Carl I. Klekers for appellant.

Donald L. Knowles, Douglas County Attorney, and Christopher E. Kelly for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, and HASTINGS, JJ., and CAPORALE, District Judge.

CAPORALE, District Judge.

Judy Ann Farmer appeals from an order entered by the separate juvenile court of Douglas County, Nebraska, dated March 26, 1981, terminating her parental rights to Leslie Ann Farmer, a minor, born January 28, 1970. We affirm.

An appeal from an order terminating parental rights requires a de novo review. *In re Interest of Bird Head*, 209 Neb. 575, 308 N.W.2d 837 (1981); *In re Interest of Stoppkotte, ante* p. 1, 312 N.W.2d 454 (1981). It is well established that courts may not properly deprive a parent of the custody of a minor child unless it is affirmatively shown that such parent is unfit to perform the duties imposed by the relationship, or has forfeited that right. *In re Interest of D.*, 209 Neb. 529, 308 N.W.2d 729 (1981). Furthermore, an order of the juvenile court terminating parental rights must be based on clear and convincing evidence. *In re Interest of J.L.L.*, 209 Neb. 76, 306 N.W.2d 175 (1981); *In re Interest of Hiatt*, 209 Neb. 195, 307 N.W.2d 108 (1981).

It is with these rules in mind that we consider appellant's assignments of error that (1) the order is not supported by the evidence, and (2) the order is not in the best interests of the child.

Neb. Rev. Stat. § 43-209 (Reissue 1978) sets out six independent conditions, any one of which existing alone will justify termination of parental rights. The applicable portion of the statute states in pertinent part: "The court may terminate all parental rights between the parents or the mother of a child born out of wedlock and such child when the court finds such action to be in the best interests of the child and it appears by the evidence that one or more of the following conditions exist: . . . (5) The parents are unable to discharge parental responsibilities because of . . . mental de-

ficiency, and there are reasonable grounds to believe that such condition will continue for a prolonged inde-terminate period . . . ."

The evidence clearly and convincingly establishes that appellant has had a long history of psychiatric problems dating back to 1970 and suffers from a para-noid type of schizophrenia. Some of the more common characteristics of that condition are fragmentation of thought processes, delusions, and hallucinations. Ap-pellant experienced hallucinatory voices instructing her to destroy herself. She refused to take medication, was apathetic in regard to meals and personal hygiene, her behavior was erratic and unpredictable, and on occasion she became violent. The psychologist who had interviewed appellant on May 27, 1980, was of the opinion that appellant's condition had deteriorated since her admission, on or about June 1, 1979, to the Norfolk Regional Center.

A psychiatric evaluation of the appellant was con-ducted on December 18, 1980. During that interview, according to the psychiatrist's report, the appellant "showed evidence of disturbance in thought content, simple persecution/delusions, inappropriate affect, dis-parity in thoughts, mood and affect." The psychiatrist recommended that the appellant continue to be hos-pitalized. In the psychiatrist's opinion, appellant is in no condition to take care of her daughter.

The record supports a finding that appellant is unable to discharge her parental responsibilities because of mental deficiency, and there are reasonable grounds to believe such condition, which has lasted for a decade, will continue for a prolonged, indeterminate period. Appellant's first assignment of error is without merit.

A report, dated March 3, 1981, of Douglas County Social Services was received in evidence which indi-cates that Leslie Ann has been a healthy child since she was placed in emergency foster care on January 10, 1979. Although Leslie Ann has seen very little of her mother, she becomes upset at the thought of severing

her relationship with the appellant and might need counseling if parental rights were to be terminated.

The child's concern is understandable, but cannot override the fact that appellant simply is in no position to discharge her parental responsibilities. The rule is well established that when a natural parent cannot rehabilitate herself within a reasonable time, the best interests of the child require that a final disposition be made without delay. *State v. Chant*, 202 Neb. 750, 277 N.W.2d 97 (1979); *In re Interest of McKee*, 208 Neb. 623, 304 N.W.2d 918 (1981). Leslie Ann has been in foster care for 3 years. Appellant's second assignment of error likewise fails.

The order of the separate juvenile court of Douglas County is affirmed.

AFFIRMED.