IN RE INTEREST OF SHEARETTAA IONE SHEPHERD, A
CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
JACQUALYN SHEPHERD, APPELLANT.
318 N.W.2d 288

Filed April 16, 1982. No. 81-607.

Steven D. Wolf of Westergren, Hauptman & O'Brien, P.C., for appellant.

Donald L. Knowles, Douglas County Attorney, and Christopher E. Kelly, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

Jacqualyn Shepherd appeals to this court from an order entered by the separate juvenile court of Douglas County, Nebraska, dated June 9, 1981, terminating her parental rights to Shearettaa Ione Shepherd, a minor, born September 5, 1973. That order also terminated the parental rights of Alvin Kearney, the natural father, but that portion of the order has not been appealed.

The two issues presented are (1) whether the order of the juvenile court terminating the parental rights of the appellant is supported by the evidence, and (2) whether the court erred by failing to specify the specific grounds upon which the termination was based. We find the assignments to be without merit and affirm.

We review the record in light of the rule that an appeal from an order terminating parental rights requires a de novo review. *In re Interest of Spradlin,* 210 Neb. 734, 317 N.W.2d 59 (1982); *In re Interest of Farmer,* 210 Neb. 500, 315 N.W.2d 454 (1982); *In re Interest of Stoppkotte,* 210 Neb. 1, 312 N.W.2d 454 (1981).

A petition was filed by the county attorney in the interest of Shearettaa Ione Shepherd on February 6, 1980, alleging the child as being homeless or destitute, or without proper parental support, under the terms of Neb. Rev. Stat. § 43-202(1) (Reissue 1978), and for being a child lacking proper parental care by reason of the fault or habits of her natural mother within the meaning of Neb. Rev. Stat. §§ 43-202(2)(b) and 43-209(2) (Reissue 1978). A detention hearing was held on February 12, 1980. The appellant did not appear at that hearing and the child was placed in the temporary custody of Douglas County Social Services for placement in a foster home.

The cause then proceeded to an adjudication hearing on October 8, 1980, which the natural mother failed to attend. The testimony of several witnesses appearing at the hearing established that the appellant abandoned custody of Shearettaa upon her birth to the child's maternal grandmother, provided little support for the child, and, on occasion, physically abused her daughter.

A Child Protective Services worker, Colleen Kibbi-Vest, testified that Shearettaa has lived with her mother for only 5 months of her life, from late August 1979 to January of 1980. Shortly after her birth on September 5, 1973, Shearettaa was relinquished by her mother to the care and custody of her maternal grandmother. It appears the maternal grandmother provided care until her death in November of 1977, whereupon the child was passed around amongst various family members before being returned to her natural mother in August of 1979. This witness was told by Jacqualyn Shepherd that she had disciplined the child by using her hands or a belt and that on at least one occasion she had used an extension cord upon the child. The natural mother also admitted to the Child Protective Services worker that she used marijuana and alcohol in the home while the child was present, and that she had on numerous occasions left the child alone without proper supervision. The testimony also reveals that Shearettaa was excessively absent from school because the natural mother left it to this 7-year-old child to wake and prepare herself for school.

Sandra Cotton, director of family services for the Salvation Army at Booth Memorial Hospital, testified that she had provided emergency housing for Jacqualyn Shepherd and her daughter at the facility on December 11, 1979. The Shepherds' stay at that facility was terminated after 1 day because appellant engaged in fights with other residents and failed to follow the rules of the facility. She was observed

slapping the child about the head.

Anthony Hadley, a member of the Omaha Police Department, testified that he observed bruises on Shearettaa on January 23, 1980, which the child said she suffered upon being whipped by her mother. Officer Hadley proceeded to issue a citation for child abuse to Jacqualyn Shepherd, and, upon questioning, the natural mother admitted to slapping the child with two belts.

On December 3, 1980, the court found Shearettaa to be a neglected and abused child within the meaning of § 43-202(2) and § 43-209(2). A review hearing was held on February 4, 1981, which the appellant attended. At this proceeding, various exhibits were admitted which indicate that during the year Shearettaa was in foster care the appellant had visited her only three times. The record of that proceeding also indicates that Jacqualyn Shepherd expressed little concern about the possibility of having her parental rights terminated. The court, however, kept parental rights under advisement and ordered the appellant to comply with the plan of rehabilitation under the supervision of the juvenile court and Douglas County Social Services upon the assurances by appellant's counsel that she was willing to participate in such a program.

Another hearing was held on June 8, 1981, which proceeding the mother failed to attend. It was established that the appellant was not cooperating with Douglas County Social Services; was not participating in the court-ordered rehabilitation program; had failed to undergo certain psychological, psychiatric, and medical evaluations; and had failed to maintain regular visitations with her child. Upon the recommendation of both the child's guardian ad litem and the juvenile court service officer, the parental rights of Jacqualyn Shepherd were terminated.

As we have held in the past, the right of a parent

to maintain custody of his or her child is a natural but not an inalienable right; the public has a paramount interest in the protection of the rights of a child. *In re Interest of J.L.L.,* 209 Neb. 76, 306 N.W.2d 175 (1981).

Section 43-209 sets out six independent conditions, any one of which existing alone will justify termination of parental rights. The applicable portion of the statute in this case states: "The court may terminate all parental rights between the parents or the mother of a child born out of wedlock and such child when the court finds such action to be in the best interests of the child and it appears by the evidence that one or more of the following conditions exist: . . . (2) The parents have substantially and continuously or repeatedly neglected the child and refused to give the child necessary parental care and protection."

However, courts may not properly deprive a parent of the custody of a minor child unless it is affirmatively shown that such parent is unfit to perform the duties imposed by the relationship, or has forfeited that right. *In re Interest of D.,* 209 Neb. 529, 308 N.W.2d 729 (1981). Furthermore, an order of the juvenile court terminating parental rights must be based on clear and convincing evidence. *In re Interest of Farmer,* 210 Neb. 500, 315 N.W.2d 454 (1982); *In re Interest of Hiatt,* 209 Neb. 195, 307 N.W.2d 108 (1981); *Santosky v. Kramer,* 50 U.S.L.W. 4333, decided March 24, 1982.

The record in this case clearly and convincingly establishes a sad history on the part of the appellant in the continual neglect, and ofttimes abuse, of her minor daughter. The record supports the finding that the appellant has been unable, or unwilling, to discharge her proper parental responsibilities and there are no reasonable grounds upon which to believe that she has or will make attempts to rehabilitate herself. The appellant has expressed much

anger, brutality, and inhumane ambivalence toward the care and custody of her child. On her birth, Shearettaa's custody was relinquished by her mother to other relatives, and except for a 5-month period in her life there has been very little interaction between the girl and her natural mother. The uncontroverted evidence clearly shows that after Shearettaa was returned to her mother's care, she was abused by serious beatings and not provided supervision or financial or emotional support.

At the adjudication hearing held on December 3, 1980, the court specifically found Shearettaa to be a minor within the meaning of § 43-202(2) and § 43-209(2). This was a clear and specific finding by the court of the statutory grounds upon which it was proceeding against the appellant. We cannot agree with appellant's contention that the order of termination of June 8, 1981, does not intimate the grounds which were used by the court in terminating her parental rights. The court was clearly proceeding under § 43-209(2). Despite attempts by the juvenile court to provide methods of rehabilitation, the mother was unwilling to provide proper parental care and support. The trial court made a specific finding under that statutory section reflective of the substantial and continuous neglect of Shearettaa by her natural mother.

It is clear that the court acted properly and in the best interests of the child under the facts of the case as set out and discussed above. The order of the court is affirmed.

AFFIRMED.