IN RE INTEREST OF SCOTT E. WANEK ET AL., MINOR
CHILDREN.
STATE OF NEBRASKA, APPELLEE, v. LINDA L. WANEK,
APPELLANT.
322 N.W.2d 803

Filed August 6, 1982.   No. 81-728.

Philip M. Martin, Jr., of Higgins & Martin, for appellant.

Gary L. Schacht, Hall County Deputy Attorney, for appellee.

William A. Francis, guardian ad litem.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

Linda L. Wanek appeals from an order entered by the District Court for Hall County, Nebraska, affirming an order of the Hall County Court terminating her parental rights to Scott E. Wanek and Robin L.

Wanek. The natural father, Lonnie E. Wanek, does not appeal from that order. We affirm.

An appeal from an order terminating parental rights requires a de novo review. *In re Interest of Stoppkotte,* 210 Neb. 1, 312 N.W.2d 454 (1981). An order terminating parental rights under Neb. Rev. Stat. § 43-209 (Reissue 1978) must be based on clear and convincing evidence. *In re Interest of Brungardt,* 211 Neb. 519, 319 N.W.2d 109 (1982). With these rules of law in mind, we will set forth the facts.

On March 23, 1979, Officer Darryl Watson of the Grand Island Police Department was summoned to the Roundtable Lounge. Upon arrival he found the appellant, Linda L. Wanek, shouting and screaming profanities at the patrons of the bar. She was apparently upset over the loss of $5. The minor children, Scott, born January 10, 1975, and Robin, born December 31, 1977, were with her at the time. Officer Watson removed Linda and the children to the police department where she continued to scream and shout profanities at the officers. Eventually the police were successful in removing the younger child from Linda's arms. The younger child, Robin, was attended to by a secretary at the station. Robin was completely soaked through her diaper with urine and was suffering from severe diaper rash, with open and running sores. Margaret McClaren, a Child Protective Services worker for the Hall County Department of Public Welfare, was called to the police station to remove the children. She testified that when she arrived both children's clothes were completely soaked with urine, including their pants, socks, and shirts. She also testified that besides being wet and cold, both children were hungry and scared. The children were taken to St. Francis Hospital and then to Children's Village. Questioning Linda was not possible so, after consulting the

county attorney's office, Linda was transported to the Hastings Regional Center.

Dianna Olesen, a barmaid at the Roundtable Lounge, testified at the adjudication hearing that Linda and the children were already at the bar when she came to work at 4:30 p.m. Olesen said that she refused to serve Linda after 8 p.m. and suggested to Linda that she take the kids and leave. Olesen also testified that Linda had consumed eight or nine beers during the time she was working. Linda also allowed the children to run around the bar unattended. Later, between 10:30 and 11 p.m., Linda returned to the bar and began screaming at the patrons about $5 she was missing and believed to have been stolen. The police were summoned at that time.

On April 24, 1979, the children were adjudicated neglected and dependent as described by Neb. Rev. Stat. § 43-202(2)(c) (Reissue 1978). The court ordered the children to be placed with the Hall County Department of Public Welfare until further disposition.

Prior to the dispositional hearing, Linda and Scott underwent psychological examinations. Linda was determined to be functionally illiterate and mildly mentally retarded, with a severe alcoholism problem. Scott was determined to be borderline mentally retarded and suffered from a speech impediment.

At the time of the incident which gave rise to these proceedings, Lonnie, the natural father, and Linda were separated. Lonnie was unemployed and was living with his mother in St. Edward, Nebraska. A psychological examination on Lonnie also suggested that he too was mentally deficient.

A dispositional hearing was held on May 22, 1979. After testimony, the county court granted physical custody to the maternal grandparents, Mr. and Mrs. Lyle Lockard. Legal custody was to remain in the Hall County Department of Public Welfare. Linda and the children lived with her parents until Septem-

ber 1979. Due to increasing tensions between Linda and her mother, and her mother's drinking problem, Linda and the children moved into the home of Linda's sister and brother-in-law, Mr. and Mrs. Raymond Eirick. On October 5, .1979, the county court ordered physical custody to be transferred to Mr. and Mrs. Eirick.

On December 31, 1979, Linda entered the Hastings Regional Center drug and alcohol unit. On January 10, 1980, the Hall County attorney filed a motion to terminate parental rights.

All the evidence shows that Linda is unable, without daily supervision, to adequately care for the needs of the children. Throughout the proceedings, the trial court made heroic efforts to place the children in homes of various relatives of Linda Wanek. They were placed first with her parents and then with her sister Sandra. There was also an attempted placement with another sister, Mrs. Chohon. It is sufficient to say from the record that grave personal difficulties arose in each of those homes sufficient enough to convince the county court and the District Court, as well as this court on our review de novo, that the homes were not suitable for the children.

The evidence shows that, by reason of environmental circumstances, Scott is borderline retarded. Robin appears to be functioning normally.

The evidence clearly shows that the circumstances have not changed since the original petition was filed. Linda's behavior has remained unchanged also. Her prognosis for overcoming her alcohol problem is poor.

Linda argues that she should be given more time to rehabilitate herself. In the case of *In re Interest of Wood and Linden,* 209 Neb. 18, 24, 306 N.W.2d 151, 154-55 (1981), we said: " 'There is no requirement that the court must implement a rehabilitation plan

for the parent of a child found to be dependent and neglected . . . .' "

The right of a parent to custody and control of his or her children is not an inalienable right. The public has a paramount interest in the protection of the children from neglect. *In re Interest of Wood and Linden, supra; In re Interest of Stoppkotte,* 210 Neb. 1, 312 N.W.2d 454 (1981).

We are concerned here with the best interests of the children, and when the natural parent cannot rehabilitate herself in a reasonable time after the adjudication hearing and the prognosis is poor not only for purposes of rehabilitation but also for correcting the conditions of neglect and dependency, the best interests of the children require that a final disposition be made without delay.

Here, the best interests of the children require a stable and stimulating environment. The court was presented with overwhelming evidence that, unsupervised, neither parent could ever be responsible for the care of the children by reason of his or her mental and psychological deficiencies. A supervised attempt to place the children, along with their mother Linda, in the homes of family members proved near tragically unsuccessful. The welfare department worker testified that there is no agency whereby the children could remain with either of the parents and be under constant supervision of more responsible persons. We have held before that where a parent is unable to discharge parental responsibilities because of mental deficiency, and where there are reasonable grounds to believe that such condition will continue for a prolonged and indeterminate period, the parental rights may be terminated when such action is found to be in the best interests of the child or children. See *In re Interest of Farmer,* 210 Neb. 500, 315 N.W.2d 454 (1982).

It is our determination that the best interests of the children require that the parental rights of

Lonnie and Linda Wanek be terminated and that custody of the children be placed with the Department of Public Welfare for placement in a permanent and stable environment. The judgment of the District Court is affirmed.

AFFIRMED.