IN RE INTEREST OF FANT, CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, v. ETHEL MARLAINA FANT, APPELLANT.

335 N.W.2d 314

Filed June 17, 1983. Nos. 82-622, 82-623.

Sally Millett Rau of Walsh, Walentine, Miles, Fullenkamp & O'Toole, for appellant.

Donald L. Knowles, Douglas County Attorney, and Christopher E. Kelly, for appellee.

John J. Bedel, guardian ad litem.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

Ethel Marlaina Fant has appealed from orders of the separate juvenile court of Douglas County, Nebraska, terminating her parental rights to her three children. Case No. 82-622 involves the termination of her parental rights to her daughter born September 8, 1974, and her son born February 25, 1977. Case No. 82-623 involves the termination of her parental rights to her daughter born June 26, 1981.

A petition was filed in case No. 82-622 on January 12, 1978, alleging that on January 9, 1978, the appellant had been sentenced to imprisonment in the Women's Reformatory at York, Nebraska, for 1 to 2 years. On the same day, the trial court ordered that Douglas County Social Services retain possession of the children for temporary placement in a foster home. The first two children of the appellant have remained in foster care continuously since that date.

The petition in case No. 82-623 was filed July 14, 1981. The petition alleged that the appellant had been committed to the Nebraska Psychiatric Institute on April 20, 1981, and prayed that the parental rights of the appellant to her third child be terminated. On the same day, the trial court ordered that Douglas County Social Services retain possession of the child for temporary placement in a foster home. The third child of the appellant has remained in foster care continuously since that date.

Supplemental petitions praying for termination of parental rights were filed in each case on June 25, 1982, by the guardian ad litem of the children. The supplemental petitions alleged that the appellant was afflicted with a chronic form of severe mental illness described as borderline personality disorder; that the illness would continue for a prolonged, indeterminate period; and that the appellant, at times, refuses to take medication prescribed for her in an attempt to control her illness.

Following an evidentiary hearing on July 28, 1982, the trial court found that the evidence was clear and convincing that the appellant's parental rights to her three children should be terminated, and ordered that her parental rights be terminated. The appeals are from these orders. The appeals were consolidated in this court for argument and disposition.

Although the review in this court of an order of a juvenile court is de novo on the record, the findings of the trial court are accorded great weight. *State v. Duran*, 204 Neb. 546, 283 N.W.2d 382 (1979).

The record shows, by clear and convincing evidence, that the appellant is afflicted with a severe mental illness which is incurable and prevents her from taking care of her children.

Dr. Benjamin Graber, a psychiatrist and clinical director of Adult Inpatient Services at the University of Nebraska Medical Center, Nebraska Psychiatric Institute, testified at length at the July 28, 1982, hearing concerning the appellant and her illness. Dr. Graber testified that he had been in contact with the appellant over a period of 48 months and that the appellant suffers from borderline personality disorder, a severe mental disorder characterized by an inability to control one's emotions, impulsiveness, hysterical features, periodic decompensation into psychotic and/or depressive illnesses which require medication, treatment, and/or hospitalization, and frequent suicidal gestures. There is no cure for this illness and it requires lifelong psychiatric care with

intermittent use of medication. Although the appellant's illness may not require continuous long-term hospitalization, it will be necessary to hospitalize her from time to time at irregular intervals and for varying lengths of time. She at times becomes violent and it is impossible to predict when such episodes may occur, although stress may be a factor in precipitating decompensation. Dr. Graber testified that to a reasonable degree of medical certainty he had "a very serious doubt about her ability to parent her children."

During much of the time that the appellant was imprisoned at York, Nebraska, she was kept in "lockup" because of misbehavior and "acting up." While pregnant with her third child she threatened to abort herself on two occasions. There is evidence of attempted suicide on several occasions; assaults upon personnel at the psychiatric institute; and violent outbursts where six or seven aides were required to subdue the appellant. In addition to the possible physical harming of the children, Dr. Graber testified there would be multiple opportunities for emotional trauma to the children if they were in her custody.

Where a parent is unable to discharge parental responsibilities because of mental deficiency, and there are reasonable grounds to believe that such condition will continue for a prolonged and indeterminate period, parental rights may be terminated if such action is in the best interests of the child. Neb. Rev. Stat. § 43-292(5) (Cum. Supp. 1982); *In re Interest of Wanek*, 212 Neb. 394, 322 N.W.2d 803 (1982); *In re Interest of Farmer*, 210 Neb. 500, 315 N.W.2d 454 (1982).

The record in this case establishes by clear and convincing evidence that it is in the best interests of the children that the parental rights of the appellant be terminated. The orders of the juvenile court are affirmed.

AFFIRMED.